NO. 07-06-0291-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 23, 2007
_____

KENNETH D. SMARTT, JR., ELIZABETH JIMENEZ, XOTICAS-LAREDO, L.P.,
XOTICAS-LAREDO, INC., K. SMARTT INVESTMENTS, INC. D/B/A XOTICAS,

Appellants

v.

THE CITY OF LAREDO, TEXAS,

Appellee
_____

FROM THE 111TH DISTRICT COURT OF WEBB COUNTY;

NO. 2003-CVQ-001570-D2; HON. RAUL VASQUEZ, PRESIDING
_____

***Opinion***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

This is an appeal from a permanent injunction enjoining Kenneth D. Smartt, Jr., Elizabeth Jimenez, Xoticas-Laredo, L.P., Xoticas-Laredo, Inc., K. Smartt Investments, Inc. d/b/a Xoticas (collectively referred to as Smartt) from operating a sexually oriented business in the City of Laredo (Laredo), Texas. Smartt contends that the trial court erred in granting the injunction because 1) the business does not "fit" the definition of

"establishment" as used in the ordinance, 2) the ordinance is unconstitutional and 3) Laredo had an adequate remedy at law. We affirm.

### Background

In June of 1995, Smartt began operating a business involving nude dancers (Xoticas) outside the city limits of Laredo. In 1998, Laredo annexed the property. Four years later, Laredo amended a previously existing ordinance to require those operating sexually oriented businesses to obtain a license and to refrain from conducting operations within 1000 feet of a residential area. Laredo sued for an injunction seeking to stop Smartt from operating his business because it purportedly violated the 1000 foot restriction. A hearing was held, and the trial court granted the relief requested. It suspended the injunction, however, pending appeal.

### Standard of Review

Whether to grant a permanent injunction lies within the discretion of the trial court; so, on appeal, we are limited to determining whether that discretion was abused. *Priest v. Tex. Animal Health Comm'n*, 780 S.W.2d 874, 875 (Tex. App.–Dallas 1989, no writ).

### Issue One - Definition of Establishment

Smartt initially argues that the ordinance in question is not applicable because 1) his business is "grandfathered" and 2) its operation does not fall within the meaning of "establishment." We overrule the issue.

As for the business being "grandfathered," we read the argument as suggesting that because the business was in operation before the area was annexed and subject to the zoning ordinance, it can continue to operate freely. No authority is cited in support of the

2

argument, however. Moreover, our own Supreme Court has held that under reasonable conditions, zoning ordinances may be applied to end previously existing nonconforming uses. *City of University Park v. Benners*, 485 S.W.2d 773, 778 (Tex. 1972); *see also Baird v. City of Melissa*, 170 S.W.3d 921, 926-27 (Tex. App.–Dallas 2005, pet. denied) (recognizing the continued existence of the rule). So, simply because Xoticas may have been in operation before the zoning ordinances were implemented does not mean that it is *ipso facto* immune from those ordinances.

As for the argument about the business not falling within the definition of an "establishment," we note that the ordinance makes it illegal "for any person to operate a sexually oriented business without a valid sexually oriented business license . . . ." LAREDO, TEX*., * LAND DEVELOPMENT Code ch. 18A, §4(a). The ordinance similarly prohibits a "person [from] operat[ing] or caus[ing] to be operated a sexually oriented business within one thousand (1000) feet of . . . a church . . . [a] public or private . . . school . . . [a] boundary of any residential district . . . [a] public park . . ." and various other locations. *Id.* §13(b). Moreover, the word "person" encompasses "an individual, proprietorship, partnership, corporation, association, or other legal entity." *Id.* §2(q). In none of these several provisions appears the term "establishment." Instead, they purport to regulate "persons" and Smartt falls within the definition of a "person."

To the extent that Smartt somehow relies on the word "establishment" to exclude Xoticas from the scope of a sexually oriented business, we note that the latter is defined as, among other things, an "adult cabaret" and "sexual encounter center." The former includes "a nightclub, bar, restaurant, or similar establishment whose major business is . . .

offering . . . live entertainment . . . intended to provide sexual stimulation or sexual gratification . . . ." *Id.* §2(c). A "sexual encounter center" encompasses, among other things, "a business or commercial enterprise that . . . offers for any form of consideration . . . activities between male and female persons . . . when one or more of the persons is in a state of nudity or is semi-nude . . . ." *Id.* §2(s). According to the record, Xoticas is "a nightclub which features . . . female performers" dancing topless but with "covered nipples" (while the other portions of the breast remain uncovered) and "bikini bottoms." Those indicia depict both live entertainment intended to provide sexual stimulation and activities between males and females with one being semi-nude. Consequently, evidence exists supporting the trial court's determination that Xoticas is a sexually oriented business, irrespective of the definition of "establishment."

### Issue Two - Constitutionality

In his second issue, Smartt asserts that the ordinance is unconstitutional because 1) its predecessor was found unconstitutional by another court and 2) it abridges First Amendment protections. We again overrule the issue.

Regarding the purported unconstitutionality of the current ordinance due to the unconstitutionality of its predecessor, we deem the argument illogical. Simply put, the two differ. Being different, it does not logically follow that because the first was bad, the second is also bad. More importantly, Smartt merely glosses over, rather than explains, why he believes the new law suffers from the same defects as the old. This alone is fatal to the argument because he is obligated to explain his contention. He cannot leave it up

4

to us to develop it. *Double Ace, Inc. v. Pope,* 190 S.W.3d 18, 29 (Tex. App.–Amarillo 2005, no pet.).

Regarding the purported violation of his First Amendment rights, he believes not only that the ordinance is an invalid attempt at regulating the time, place, and manner of sexually oriented businesses but also that it is not content neutral. We address the latter contention first and conclude that the ordinance is content neutral, as that term has come to be defined. Both state and federal precedent has deigned to place a "content neutral" moniker on such laws when they can be deemed as simply regulating the time, place, and manner of the speech or activity. *See e.g., City of Renton v. Playtime Theatres, Inc.*, 475 U.S. 41, 47, 106 S.Ct. 925, 928, 89 L.Ed.2d 29 (1986); *Smith v. State*, 866 S.W.2d 760, 763-64 (Tex. App.–Houston [1st Dist.] 1993, pet. ref'd). So in cases involving the zoning of sexually oriented businesses, the focus lies not upon the nature of the activity but on the government's interest in regulating the secondary effects emanating from the activity and the time, place and manner of the restrictions implemented. *Smith v. State*, 866 S.W.2d at 763-64. With that said, we turn to the other aspect of Smartt's contention.

That a municipality has a substantial interest in preserving the quality of urban life is beyond dispute. *Smith v. State*, 866 S.W.2d at 764. Regulating the location of sexually oriented businesses serves that interest. *Id.* Next, the manner in which the ordinance regulates the activity is acceptable for it does not ban the activity in its entirety. It simply regulates the location at which it can be conducted. And, restrictions limiting the location to distances 1000 feet from churches and areas zoned residential have been held constitutional. *See SWZ, Inc. v. Board of Adjustment*, 985 S.W.2d 268, 270-71 (Tex.

5

App.–Fort Worth 1999, pet. denied) (1000 feet); *Lindsay v. Papageorgiou*, 751 S.W.2d 544, 550 (Tex. App.–Houston [1ˢᵗ Dist.] 1988, writ denied) (1500 feet).

Finally, Smartt believes aspects of the ordinance are "overly broad" and therefore unconstitutional. The provision at issue is that referring to a "commercial enterprise," and Smartt suggests that the constitutionality of the provision was "specifically questioned in" a prior opinion rendered by the Fourth Court of Appeals in a case involving Smartt and various Webb County officials. *See K. Smartt Invs., Inc. v. Martinez*, No.04-01-00482-CV, 2002 Tex. App. Lᴇxɪs 9234 (Tex. App.–San Antonio December 31, 2002, no pet.). Yet, we find nothing in the opinion suggesting that the phrase was unconstitutionally broad. Rather, the court mentioned it only in assessing whether the activities occurring within the establishment fell within the definition of an "adult cabaret." It said nothing about the words being overly broad or unconstitutional. So, to the extent that the argument now urged is founded upon what the San Antonio Court of Appeals wrote in its *Smartt* opinion, we find his contention is baseless.

### Issue Three - Adequate Remedy at Law

Lastly, Smartt contends in his third issue that Laredo was not entitled to an injunction since Laredo had an adequate legal remedy, namely the ability to criminally prosecute and fine offenders. We overrule the issue for the reason that both statute, Tᴇx. Lᴏᴄᴀʟ Gᴏv. Cᴏᴅᴇ Aɴɴ. §243.010(a) (Vernon 2005) and caselaw, *Schleuter v. City of Fort Worth*, 947 S.W.2d 920, 932 (Tex. App.–Fort Worth 1997, writ denied), permit cities to seek injunctions to stop sexually oriented businesses from violating ordinances like those at bar. So, the issue is overruled.

The issues raised by Smartt do not evince an abuse of discretion on the part of the trial court.  Accordingly, we affirm the judgment.


                                        Brian Quinn
                                        Chief Justice