Affirmed and Opinion filed December
2, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00220-CV



8100 North
Freeway Ltd., Appellant 

v.

City of Houston,
Appellee 



On Appeal from
the 281st District Court

Harris County, Texas

Trial Court
Cause No. 2008-40090



 

OPINION

Appellant 8100 North Freeway Ltd. appeals the trial
court’s order granting the temporary injunction request of appellee the City of
Houston.  Because we find that the trial court did not abuse its discretion in
issuing the temporary injunction, we affirm.

BACKGROUND

The City regulates sexually oriented businesses
(SOBs) and requires them to meet certain criteria to obtain permits, which are
necessary for legal operation.  8100 operates a business, originally called
Adult Video Megaplexxx, consisting of an adult bookstore and adult arcade that
features small booths with doors where adults may privately view sexually
explicit videos.  A portion of the City’s SOB ordinance specifically regulates
adult arcades and requires, among other things, minimal lighting levels inside
the booths and a direct line of sight between the manager and the booth
patron.  These requirements were enacted to discourage sexual activity in
arcade booths.  See Rosenblatt v. City of Hous., 31 S.W.3d 399, 404
(Tex. App.—Corpus Christi 2000, pet. denied).  Megaplexxx attempted to comply
with the ordinance by installing video cameras in the booths.  See id.
at 402.  The City denied Megaplexxx a permit because it did not comply with the
direct line of sight provision, and the City’s action was upheld in the trial
court and on appeal.  See id. at 401.

Megaplexxx then changed its business model in an
attempt to avoid being subject to the ordinance.  It changed its name to Tryst,
A Lover’s Boutique, and began offering several new types of inventory, including
condoms, oils, lingerie, costumes, and adult novelties.  8100 expanded the
video arcade from nine to twenty-eight viewing rooms and added more viewing
channels, for a total of sixty-three channels showing various types of adult
videos and sixty-four channels offering mainstream movies.  By making these
changes, 8100 attempted to cast itself as a “fifty/fifty” business rather than
an adult arcade requiring a permit.

A Houston Police Department officer inspected the premises. 
He observed a sign on the front door prohibiting minors.  Inside, signage
directed patrons to the arcade area, touting “hardcore” channels.  The arcade
area spanned three hallways, and all arcade booths had closable doors.  A
television hanging from the ceiling above the entrance to the arcade area
continuously displayed videos depicting explicit sexual activity.  Inside a
booth, the officer observed a money-operated arcade device that displayed
videos depicting explicit sexual activity, along with a chair, paper towels,
and a trashcan.

The City brought suit against 8100 for operating an
adult arcade without a permit and sought injunctive relief.  The trial court
granted the City’s request for a temporary injunction on March 5, 2009, and
ordered that the arcade area be locked and that 8100 cease from operating its
arcade devices.  8100 filed its appeal the same day, but to date, no permanent
injunction hearing has been held.

ANALYSIS

A.    Legal
Standards

The purpose of a temporary injunction is to preserve
the status quo pending a trial on the merits.  Butnaru v. Ford Motor Co.,
84 S.W.3d 198, 204 (Tex. 2002); EMS USA, Inc. v. Shary, 309 S.W.3d 653, 657
(Tex. App.—Houston [14th Dist.] 2010, no pet.).  Generally, to obtain a
temporary injunction, the applicant must prove a valid cause of action against
the defendant, a probable right to relief, and imminent, irreparable injury in
the interim.  See Butnaru, 84 S.W.3d at 204; EMS, 309 S.W.3d at 657. 
However, when the applicant has shown a violation of a statute that authorizes
injunctive relief, it need not prove imminent, irreparable injury.  See
Butnaru, 84 S.W.3d at 210; West v. State, 212 S.W.3d 513, 518–19
(Tex. App.—Austin 2006, no pet.); Ralph Williams Gulfgate Chrysler Plymouth,
Inc. v. State, 466 S.W.2d 639, 642 (Tex. Civ. App.—Houston [14th Dist.]
1971, writ ref’d n.r.e.).  Further, the applicant need not prove that it will
prevail, and the merits of the suit are not issues for appellate review.  See
EMS, 309 S.W.3d at 658.  Rather, we review the trial court’s decision on a
temporary injunction request for an abuse of discretion.  Butnaru, 84
S.W.3d at 204; EMS, 309 S.W.3d at 658.  We must not substitute our
judgment for the trial court’s judgment and may not reverse unless the trial
court’s action was so arbitrary that it exceeded the bounds of reasonableness. 
See Butnaru, 84 S.W.3d at 204.

B.     The
Primary Business Standard Does Not Apply

In its first issue, 8100 argues that the trial court
erred in granting a temporary injunction because the SOB ordinance regarding adult
arcades applies only to entities whose primary business is to provide sexual
stimulation or gratification and, because its inventory of movies is over fifty
percent non-adult, its primary arcade business is not sexual.

Local Government Code chapter 243, entitled
“Municipal and County Authority to Regulate Sexually Oriented Business,”
defines a sexually oriented business as follows:

[A] sex parlor, nude studio, modeling studio, love parlor,
adult bookstore, adult movie theater, adult video arcade, adult movie arcade,
adult video store, adult motel, or other commercial enterprise the primary
business of which is the offering of a service or the selling, renting, or
exhibiting of devices or any other items intended to provide sexual stimulation
or sexual gratification to the customer.

Tex. Loc. Gov’t Code Ann. § 243.002 (West 2005).  The City
has regulations regarding SOBs in two portions of chapter 28 of the City of
Houston Code of Ordinances: article II, which governs adult arcades and adult
mini-theaters, and article III, which governs SOBs generally.  Houston, Tex., Rev. Ordinances ch. 28,
arts. II, III (1997).  Article II defines an adult arcade as “any
premises that is subject to regulation under Chapter 243 of the Local
Government Code, as amended, to which members of the public . . . are permitted
to use one or more arcade devices.” Id. art. II, § 28-81.  An “arcade
device” is “any coin- or slug-operated or electronically or mechanically
controlled machine or device that dispenses or effectuates the dispensing of
entertainment, that is intended for the viewing of five or fewer persons in
exchange for any payment of consideration,” and “entertainment” includes “[a]ny
still picture(s) or movie picture(s).”  Id.  

8100 contends that because article II’s definition of
adult arcade refers back to chapter 243 and chapter 243’s definition of
SOB includes the notion of primary business, it is subject to article II’s
regulation only if its primary business is to provide sexual stimulation or
gratification.  We disagree.  Chapter 243’s definition contains a list of
establishments that are categorically considered SOBs and then contains a
catch-all for other businesses not listed but whose primary business is
providing sexual stimulation or gratification.  See Meijas v. State,
No. 04-01-00048-CR, 2002 WL 112534, at *1 (Tex. App.—San Antonio Jan. 30, 2002,
pet. ref’d) (not designated for publication); see also N.W. Enters. Inc. v.
City of Hous., 352 F.3d 162, 184 (5th Cir. 2003); Laredo Road Co. v. Maverick
Cnty., 389 F. Supp. 2d 729, 734–35 (W.D. Tex. 2005).  An adult video arcade
is in the list of categorical SOBs, and thus the primary business analysis is
irrelevant.  See Meijas, 2002 WL 112534, at *1.  8100 insists that the
primary business language in chapter 243 modifies not just the catch-all “other
commercial enterprise” but also the entire list of enumerated businesses. 
However, such an interpretation is grammatically incorrect.[1]  Under the
last antecedent rule, a limiting clause or phrase should ordinarily be read as
modifying only the noun or phrase that it immediately follows.  See Barhnart
v. Thomas, 540 U.S. 20, 26 (2003); Laredo Road, 389 F. Supp. 2d at
735; Rowan Cos. v. Wilmington Trust Co., 305 S.W.3d 698, 710–11 (Tex.
App.—Houston [14th Dist.] 2009, pet. filed).  Had the legislature intended the
primary business phrase to modify the entire list rather than only the last
item, it would likely have included a comma between “other commercial
enterprise” and “the primary business of which.”  See Elliot Coal Mining Co.
v. Office of Workers’ Comp. Programs, 17 F.3d 616, 629–30 (3d Cir. 1994); Bingham,
Ltd. v. United States, 724 F.2d 921, 925 n.3 (11th Cir. 1984); Meijas,
2002 WL 112534, at *1.

The trial court found in its temporary injunction
order that 8100 is operating an adult arcade without a permit as required by
article II.  8100 does not dispute that Tryst has arcade devices that are open
to the public for a fee, that they display both pornographic and
non-pornographic movies, and that Tryst does not have an article II permit.  We
conclude the trial court did not abuse it discretion in granting a temporary
injunction on this basis.  Tryst’s primary business is not relevant to this
inquiry, and we overrule 8100’s first issue.[2]

C.    Injunctive
Relief Was Proper

8100 raises several issues regarding the propriety of
injunctive relief in this case.  In its fifth issue, 8100 asserts that the
trial court abused its discretion in issuing the injunction because the
ordinance does not authorize injunctive relief for a violation of article II.  Article
III of the SOB ordinance specifically states that “[t]he city attorney is
hereby authorized to file suit to enjoin the violation of this article.”  Houston, Tex., Rev. Ordinances ch. 28,
art. III, § 28-134.  Article II, however, is silent on the issue of authority
to pursue an injunction.  Based on this, 8100 argues that the City is not
authorized to seek an injunction for violation of article II.  This argument
overlooks the significance of chapter 243 of the Local Government Code.  Chapter
243 authorizes municipalities to regulate SOBs and then specifically states
that a municipality “may sue in the district court for an injunction to
prohibit the violation of a regulation adopted under this chapter.”  Tex. Loc. Gov’t Code Ann. § 243.010(a)
(West 2005); see also Smartt v. City of Laredo, 239 S.W.3d 869, 873
(Tex. App.—Amarillo 2007, pet. denied) (stating that chapter 243 authorizes
cities to seek injunctions to stop violations of SOB ordinances); Schleuter
v. City of Fort Worth, 947 S.W.2d 920, 932 (Tex. App.—Fort Worth 1997, writ
denied) (same).  The City’s silence regarding injunctions in article II does
not evidence any intent to relinquish the authority specifically provided by
the legislature in chapter 243.[3] 
Indeed, article II states that its provisions “are supplemental and shall be
cumulative with all other laws and ordinances applicable in any manner to an
adult arcade.”  Houston, Tex., Rev.
Ordinances ch. 28, art. II, § 28-83.  We conclude that the City was
authorized to pursue injunctive relief for a violation of article II, and we
accordingly overrule 8100’s fifth issue.

In its sixth issue, 8100 contends that the trial
court abused its discretion in ordering injunctive relief because the relief goes
beyond preserving the status quo.  The goal of a temporary injunction is to
preserve the status quo, and the status quo in this context is the last actual,
peaceable, uncontested state of affairs that preceded the pending controversy.  See
Law v. William Marsh Rice Univ., 123 S.W.3d 786, 791 (Tex. App.—Houston
[14th Dist.] 2003, pet. denied).  It follows that the status quo can never be a
state that allows a party to continue violating the law.  See San Miguel v.
City of Windcrest, 40 S.W.3d 104, 109 (Tex. App.—San Antonio 2000, no pet.);
Hous. Compressed Steel Corp. v. State, 456 S.W.2d 768, 773 (Tex. Civ.
App.—Houston [1st Dist.] 1970, no writ).  In this case, the trial court
determined that 8100 was violating the law by operating an adult arcade without
a permit, and we have already determined the trial court did not abuse its
discretion in so determining.  Thus, the temporary injunction preserved a status
in which 8100 was not violating the ordinance, and we overrule 8100’s sixth
issue.

In its eighth issue, 8100 claims that the trial court
abused its discretion in issuing the temporary injunction because the injunction
constitutes an unlawful prior restraint on protected First Amendment
activities.  The United States Supreme Court has rejected this argument, holding
that the closure of an adult bookstore for failure to comply with a local
ordinance was not an unlawful prior restraint because the order did not prohibit
the defendants from disseminating particular materials and because the order
was not based on an advance-determination that the distribution of certain
materials is prohibited.  See Arcara v. Cloud Books, Inc., 478 U.S. 697,
706 n.2 (1986).  Similarly, 8100 is free to continue showing its videos as long
as it complies with the City’s ordinance, and the injunction is not based on
the content of the movies shown but rather the environment in which they are
shown.  Based on Arcara, we conclude the temporary injunction order does
not constitute an unlawful prior restraint, and we overrule 8100’s eighth
issue.

In its ninth issue, 8100 argues that the trial court
erred in denying its request to impose a stay on the enforcement of the
temporary injunction pending appeal.  8100 states in its brief that “[t]his
issue may be moot,” and we agree.  8100 filed a motion to stay in this court
and then withdrew that motion before our ruling based on the City’s agreement
not to enforce the injunction pending appeal.  Further, appellate review of the
appeal is now complete.  Thus, any issue of a stay pending appeal is moot.  See
Maloy v. City of Lewisville, 848 S.W.2d 380, 383 (Tex. App.—Fort Worth
1993, no writ).  We overrule 8100’s ninth issue.

Finally, in its reply brief, 8100 asserts that the
trial court’s injunction order is overbroad because it requires the entire
arcade section to be locked, rendering it unusable for other purposes such as a
lingerie area.  By failing to raise this issue in its opening brief, 8100 has
waived it.  See Zammaron v. Shinko Wire Co., 125 S.W.3d 132, 139
(Tex. App.—Houston [14th Dist.] 2003, pet. denied).

D.    No
Advance Ruling on the Merits

In its second and third issues, 8100 makes various
arguments as to why the SOB ordinance is unenforceable and unconstitutional,
including that it is vague and overbroad and provides for unfettered police
discretion.  We conclude that we cannot address these issues because they are beyond
the scope of our review.

A temporary injunction hearing and a trial on the
merits have different functions:

[O]ur system of procedure is such that legal rights cannot
be finally determined upon a hearing relating to the wisdom or expediency of
issuing a status quo order.  Deliberate action is essential for the accurate
determination of legal rights and upon occasion this can be secured only by
issuing a temporary decree protecting a status quo.  Ordinarily, the hearing
upon the temporary injunction is not a substitute for, nor does it serve the
same purpose as the hearing on the merits.

Tom James of Dall., Inc.
v. Cobb, 109 S.W.3d 877, 884 (Tex. App.—Dallas 2003, no pet.) (quotation
marks omitted).  Simply put, a temporary injunction is not a ruling on the
merits.  See EMS, 309 S.W.3d at 658; Tom James, 109 S.W.3d at
884.  Accordingly, we may not review the merits of the underlying litigation on
appeal.  See Sharma v. Vinmar Int’l, Ltd., 231 S.W.3d 405, 419 (Tex.
App.—Houston [14th Dist.] 2007, no pet.); Law, 123 S.W.3d at 792.  Our
review is solely limited to whether the trial court abused its discretion in
issuing the temporary injunction.  Law, 123 S.W.3d at 792; San Miguel,
40 S.W.3d at 107.

The issue before the trial court was whether the City
was entitled to a temporary injunction, not whether the ordinance was
enforceable or constitutional.  Indeed, the trial court found that 8100 was
operating a business in violation of article II, but it did not issue any
rulings regarding the constitutionality or enforceability of the ordinance.  In
its second and third issues, 8100 does not argue that the trial court abused
its discretion in issuing the temporary injunction; rather, it argues that the
ordinance upon which it is based is unenforceable and unconstitutional.  These
issues are dispositive of 8100’s defenses in the underlying litigation and
therefore are not appropriate subjects for appellate review in this
interlocutory appeal.[4] 
We will not issue an advance ruling on the merits by addressing these issues
before the trial court has done so.  See Brar v. Sedey, 307 S.W.3d 916, 920
(Tex. App.—Dallas 2010, no pet.).




 

CONCLUSION

The trial court did not abuse its discretion in
issuing a temporary injunction against 8100.  We affirm the trial court’s
order.

                                                                                    

                                                                        /s/        Leslie
B. Yates

                                                                                    Justice

 

 

 

Panel
consists of Chief Justice Hedges and Justices Yates and Sullivan (Sullivan, J.,
not participating).









[1]
8100 points to other cases in which courts have discussed the primary business
standard.  See 4330 Richmond Ave. v. City of Hous., No. Civ.A.
91-0665, 1997 WL 1403893 (S.D. Tex. July 17, 1997), aff’d, 166 F.3d 338
(5th Cir. 1998) (table); Griswold v. State, No. 07-00-0203-CR, 2001 WL
830348 (Tex. App.—Amarillo July 24, 2001, pet. ref’d) (not designated for
publication); Collins v. State, No. 14-00-00482-CR, 2001 WL 421258 (Tex.
App.—Houston [14th Dist.] Apr. 26, 2001, pet. ref’d) (not designated for
publication); Hernandez v. State, No. 14-99-00671-CR, 2000 WL 991806
(Tex. App.—Houston [14th Dist.] July 20, 2000, no pet.) (not designated for
publication).  These cases are distinguishable because they involve adult
bookstores, and article III defines adult bookstore with specific
reference to the primary business of the store.  See Houston, Tex., Rev. Ordinances ch. 28,
art. III, § 28-121.





[2]
Because we have concluded that the primary business standard does not apply in
this context, we need not address 8100’s fourth and seventh issues, both of
which involve defining the primary business standard.





[3]
8100 argues that perhaps the City intentionally omitted any reference to
injunctive relief in article II based on concerns over suppression of speech
protected by the First Amendment, but that argument fails because article III,
which specifically covers adult bookstores and materials therein protected by
the First Amendment, provides for injunctive relief.





[4]
See San Miguel, 40 S.W.3d at 109 (stating that temporary injunction did
not resolve issues regarding vagueness and constitutionality of ordinance); T&R
Assocs. v. City of Amarillo, 601 S.W.2d 178, 180 (Tex. Civ. App.—Amarillo
1980, no writ) (noting that grounds to escape enforcement of ordinance may not
be entertained on appeal of temporary injunction because they relate to the
merits); Hous. Compressed, 456 S.W.2d at 774 (stating that arguments that
statute is vague and indefinite are not before the court on appeal of temporary
injunction); see also EMS, 309 S.W.3d at 658 (“[A]ny appeal of an order
granting or denying a temporary injunction based on a non-compete covenant does
not present for appellate review the ultimate question of whether the covenant
is enforceable . . . .”).