Affirmed and Memorandum Opinion filed July 19, 2011.

 

In
The

Fourteenth
Court of Appeals



NO. 14-10-00112-CV



World Igbo
Congress, Inc.; World Igbo Congress Foundation; and Joe N. Eto, in his Capacity
as Chairman of the Board of Directors of World igbo congress, inc., Appellants 

v.

Chibuzo E.
Onwuchekwe and world igbo congress, inc., Appellees 



On Appeal from
the 215th District Court

Harris County, Texas

Trial Court
Cause No. 2009-54832



 

MEMORANDUM OPINION 

In this interlocutory appeal, appellants World Igbo
Congress, Inc.; World Igbo Congress Foundation; and Joe N. Eto in his Capacity
as Chairman of the Board of Directors of World Igbo Congress, Inc. (collectively,
“Eto”) present five issues challenging the trial court’s temporary injunction
order.  Eto asserts that (1) Chibuzo Onwuchekwe was not an eligible candidate
for the 2008 World Igbo Congress, Inc. election; (2) Eto and his co-officers
were properly elected to lead WIC in 2008 in accordance with the WIC
constitution; (3) the trial court violated the Equal Protection Clause of the
United States Constitution by qualifying Onwuchekwe for the 2008 WIC election;
(4) the temporary injunction order is inconsistent with the findings of fact
and is against the great weight and preponderance of the evidence; and (5) the
trial court erred in denying Eto’s motion for res judicata and collateral
estoppel and denying his motion to reconsider.  All of these issues relate to
the merits of the pending litigation rather than the trial court’s exercise of
discretion in ordering temporary injunctive relief.  We affirm the trial
court’s order.

BACKGROUND[1]

The World Igbo Congress, Inc. (“WIC”) was formed in
Texas in the mid-1990s.  Onwuchekwe was elected chairman of WIC from 2005 to
2008.  He defeated Eto in the 2005 election for the chairmanship.  The original
chairman of WIC, J.O.S. Okeke, continued to receive all official correspondence
from the Texas Secretary of State regarding the registration status of WIC.  Okeke
usually forwarded these documents to the secretary of WIC.  However, Okeke did
not forward to any officers certain correspondence from the Secretary of State
in 2008 regarding the pending lapse of the corporate registration status of WIC. 
Unbeknownst to Onwuchekwe, WIC’s corporate status lapsed in April 2008.

On March 29, 2008, the WIC board of directors selected
an Electoral Commission pursuant to the WIC constitution.  The selected
commissioners were Chief Godwin Ndukwe, Dr. Stanley Onye, and Chief Ukeje Agu. 
As the chairman of the electoral commission, Ndukwe presented proposed election
guidelines to the WIC board of directors.  These guidelines were adopted at the
June 2008 board of directors meeting.  The board of directors also specified
that the 2008 WIC Convention would be held at the Hyatt Regency Hotel in Tampa
Bay, Florida.  

During a July 2008 teleconference meeting of the WIC
board of directors, Ndukwe was removed from his position as chairman of the
electoral commission and replaced by Chief Titus Osuagwu.  In August 2008, the
electoral commission published its list of candidates.  The list, prepared by
Ndukwe, did not include Onwuchekwe as a candidate for chairman.  However, at
the WIC Convention held at the Hyatt Regency Hotel, an election ballot
containing both Onwuchekwe and Eto as candidates for chairman was presented to
the attendees.  Onwuchekwe won that election.  At another venue not approved by
the WIC board of directors, a competing election was conducted, in which Eto
participated and won.  

Meanwhile, at the time that WIC’s corporate status had
lapsed in April 2008, Okeke consented to the registering of the WIC name with
the Texas Secretary of State by an organization named “American Business
Consultants.”  This “WIC faction” supports Eto as chairman.  In October 2008,
Onwuchekwe completed all Secretary of State requirements and reactivated the
original WIC organization under its original number; the Secretary of State
permitted the re-registration of WIC under a variation of the original name,
substituting “Ibo” for “Igbo,” pending resolution of this dispute.  This “WIC
faction” supports Onwuchekwe as chairman.  All the parties agree, however, that
there is only one Igbo organization.

Against this backdrop of political in-fighting and a
split in the organization, Eto and Onwuchekwe petitioned the trial court for
temporary injunctions, among other things, each seeking to have his “WIC
faction” declared the proper WIC and his status as chairman of WIC confirmed. 
After two evidentiary hearings, the trial court entered the following temporary
injunction:

On considering the evidence received and argument of
counsel, the Court finds and concludes that both parties are likely to succeed
on the merits at trial of their declaration claims; that both the plaintiff and
the defendant intend to act as officers of World Igbo Congress Inc. (WIC), and
to exercise authority in such capacity based on invalid elections before the
Court can render judgment in this cause; that if both plaintiff and defendant
carries out that intention, both parties will thereby alter the status quo and
tend to make ineffectual a judgment in favor of either party, in that both
parties operating with divergent intentions may unnecessarily diminish the
resources of the organization and/or bind the organization to incongruent
obligations to the organization’s overall detriment, possibly leading to the
dissolution of the WIC; and that unless both parties are deterred from carrying
out that intention, both the plaintiff and the defendant will be without any
adequate remedy at law in that the position which both parties claim may be
ultimately extinguished due to the dissolution of the organization.

IT IS, THEREFORE, ORDERED that Joe
N. Eto[,] plaintiff[,] and Chibuzo E. Onwuchekwe[,] defendant, are commanded
forthwith to desist and refrain from acting as officers of World Igbo Congress
Inc. (WIC), and from exercising authority in such capacity until judgment in
this cause is rendered by this Court, except as specifically provided in the
fourth paragraph of this order.

IT IS FURTHER ORDERED that the
WIC, through the electoral commission elected on March 29, 2008 by the WIC
Board of Directors, conduct a new election.  The WIC shall send to all
affiliates that were in good standing and eligible to cast a vote in the 2008
convention as of August 20, 2008 packets that shall include:  (1) ballot form,
(2) a list of all candidates who were certified as eligible to be elected in
either of the elections held in August of 2008 to officer-level positions,
including both Chibuzo E. Onwuchekwe and Joe N. Eto, and (3) at the option of
each candidate, a three page letter from each candidate as a substitute for
their speaking time at the convention.  The election commissioners acting under
this order shall designate one of themselves responsible for tallying the
votes.  Affiliates shall fill out their ballots and mail them to the election
commissioner who is previously designated with the responsibility of tallying
votes.  Each Affiliate shall establish its own method for determining its
choices for each officer-level position.  This election is to be conducted in
conformance with the Election Guidelines approved by the WIC Board of Directors
on March 29, 2008, to the extent that said Guidelines do not contradict this
order.  The WIC, acting through the Election Commission, shall have fully complied
with this order by having tallied all votes and designated new officers on or
before 45 [forty-five] days from the issuance of this order.  These designated
officers shall serve in such capacity until the next regularly scheduled
election.

IT IS FURTHER ORDERED that the WIC
executive officers for the 2005 - 2008 period are reinstated for the sole
purpose of carrying out this order.  They are restricted from taking any action
that is not necessitated by the implementation of this order.

Eto appeals from this
temporary injunction order.  To date, no permanent injunction hearing has been
held.

ANALYSIS

A.        Temporary
Injunctions 

The purpose of a temporary injunction is to preserve
the status quo of the litigation’s subject matter pending a trial on the
merits.  Butnaru v. Ford Motor Co., 84 S.W.3d 198, 204 (Tex. 2002)
(subst. op.); Walling v. Metcalfe, 863 S.W.2d 56, 57 (Tex. 1993) (per
curiam).  Temporary injunctions are an extraordinary remedy and do not issue as
a matter of right.  Butnaru, 84 S.W.3d at 204; Walling, 863
S.W.2d at 57.  To obtain a temporary injunction, the applicant must plead and
prove the following three elements:  (1) a cause of action against the adverse
party; (2) a probable right to the relief sought; and (3) a probable, imminent,
and irreparable injury in the interim.  Butnaru, 84 S.W.3d at 204.  Irreparable
injuries are those for which the injured party cannot be adequately compensated
by damages or for which damages cannot be measured by a pecuniary standard.  Id.

Whether to grant or deny a temporary injunction lies
within the trial court’s sound discretion.  Id. (citing Walling,
863 S.W.2d at 58 and State v. Walker, 679 S.W.2d 484, 485 (Tex. 1984)).  We
should reverse an order granting injunctive relief only if the trial court
abused its discretion.  Id.  We must not substitute our judgment for the
trial court’s judgment unless the trial court’s action was so arbitrary that it
exceeded the bounds of reasonable discretion.  Id. (citing Johnson v.
Fourth Ct. of Appeals, 700 S.W.2d 916, 918 (Tex. 1985) and Davis v. Huey,
571 S.W.2d 859, 861–62 (Tex. 1978)).  Finally, a temporary injunction is not a
trial on the merits, and we may not review the merits of the underlying litigation
on appeal from a temporary injunction order.  See 8100 N. Freeway Ltd. v.
City of Houston, 329 S.W.3d 858, 864–65 (Tex. App.—Houston [14th Dist.]
2010, no pet.).

B.        Application

Here, Eto has not asserted that the trial court
abused its discretion in entering the temporary injunction.[2]  Rather, he
opens his brief with the following statement regarding the standard of review: 
“The issues in this appeal primarily relate to the interpretation of the
constitution of World Igbo Congress Inc. [WIC] and matters of constitutional
jurisprudence for which de novo review is appropriate.”  He then proceeds to
complain of issues regarding the merits of the underlying litigation, including
whether (a) Onwuchekwe was qualified under the WIC constitution to stand
for election, (b) the election in which Eto was elected was a valid election,
(c) the trial court erred by violating the Equal Protection Clause of the
United States Constitution by “dissimilarly treating candidates for WIC
elections,” (d) the trial court erred by entering an order inconsistent with
its findings of fact, and (e) the trial court erred by denying his motions for
res judicata and collateral estoppel and to reconsider.

But the issue before the trial court was whether the
parties were entitled to a temporary injunction.  See id.; see also
EMS USA, Inc. v. Shary, 309 S.W.3d 653, 658 (Tex. App.—Houston [14th Dist.]
2010, no pet.) (“The legal issues before a trial court at a temporary
injunction hearing are whether the applicant showed a probability of success
and irreparable injury.  The underlying merits of the controversy are not
presented.” (citation omitted)).  Here, Eto’s issues are dispositive of the
underlying litigation.  In reviewing a trial court’s granting of an application
for a temporary injunction, we review only the trial court’s exercise of
discretion in determining that a party showed a likelihood of success on the
merits at trial and irreparable injury.  EMS USA, Inc., 309 S.W.3d at
658.  Eto has not presented any issues on appeal asking us to review these
factors.  Accordingly, we overrule his five issues because they are not appropriate
for review in the context in which they have been presented—i.e., on appeal
from a temporary injunction order.  

CONCLUSION

Because none of Eto’s issues pertain to the trial
court’s exercise of discretion in granting the temporary injunction at issue in
this appeal, we overrule his five issues and affirm the trial court’s order.

 

                                                                                    

                                                                        /s/        Adele
Hedges

                                                                                    Chief
Justice

 

 

 

 

Panel consists of Chief Justice Hedges
and Justices Seymore and Boyce.









[1]
This factual background is largely taken from the trial court’s unchallenged
findings of fact.





[2]
In fact, Eto has not cited a single legal authority regarding the appropriate
standard of review for an appeal from a temporary injunction order.