**Affirmed and Majority Opinion filed December 8, 2022.**



In The

# Fourteenth Court of Appeals

## NO. 14-20-00854-CV

## THOMAS EDISON RHONE, INDIVIDUALLY AND D/B/A RHONE INVESTMENTS, Appellant

## V.

## THE CITY OF TEXAS CITY, TEXAS, Appellee

**On Appeal from the 405th District Court
Galveston County, Texas
Trial Court Cause No. 20-CV-1621**

## MAJORITY OPINION[1]

In this interlocutory appeal, an apartment project owner appeals the trial court's order granting a temporary injunction in an action by a municipality based on the alleged violation of municipal ordinances. Because the owner has not shown that the trial court erred, we affirm.

---

[1] Justice Hassan concurs without opinion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Thomas Rhone owns real property in Texas City, Texas on which buildings have been constructed that contain apartment units (the "Property"). Appellee/plaintiff the City of Texas City, Texas (the "City") filed a civil action under chapter 54, subchapter B of the Local Government Code against appellant/defendant Thomas Edison Rhone d/b/a Rhone Investments ("Rhone").[2] The City sought injunctive relief against Rhone under Local Government Code section 54.016 based on the alleged violation of City ordinances, including an ordinance that adopts section 111.1 of the 2015 edition of the International Building Code ("Section 111.1"). Section 111.1 provides that a building shall not be used or occupied until the building official has issued a certificate of occupancy for the building.

The City requested a temporary injunction, and the trial court held a hearing on this request, at which the City's Fire Marshal, the City's Code Enforcement Officer, Rhone, and an expert retained by Rhone all testified. The trial court signed an order granting a temporary injunction ("Original Order"). Rhone timely perfected this interlocutory appeal from the Original Order.[3]

After Rhone perfected appeal, HomeTown Bank, N.A. (the "Bank"), the holder of a deed-of-trust lien to some of the Property, filed a plea in intervention and a motion to dissolve the temporary injunction that the trial court had issued. The City filed a motion to strike the Bank's Plea in Intervention. On the same day, the trial court signed an order denying the Bank's motion to dissolve the temporary injunction and signed another order granting the City's motion to strike. The Bank filed a notice of appeal attempting to appeal from these two orders, and that case is

---

[2] *See* Tex. Loc. Gov't Code Ann. § 54.012 (West, Westlaw through 2021 C.S.).

[3] *See* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4) (West, Westlaw through 2021 C.S.).

pending in a separate appeal in this court.[4]

The trial court signed a series of amended orders granting temporary injunction, the last of which was the "Fifth Amended Order Granting Temporary Injunction," signed on May 20, 2021 (the "Fifth Amended Order"). Under Texas Rule of Appellate Procedure 27.3, this court must treat this appeal as from the Fifth Amended Order, and we also treat actions relating to the appeal of the Original Order as relating to the appeal of the Fifth Amended Order. *See* Tex. R. App. P. 27.3.

In the Fifth Amended Order, the trial court stated that to be entitled to a temporary injunction, the City only had to prove a valid claim and a probable right to relief. The trial court noted that one of the City's Ordinances adopts the 2015 edition of the International Building Code ("IBC") and that under Section 111.1 of that code, a building shall not be used or occupied until the building official has issued a certificate of occupancy for the building.[5] The trial court found that the City proved that Rhone "is leasing/renting and/or allowing the apartment units located on the [Property] to be occupied without a certificate of occupancy." The trial court ordered that until the date of trial Rhone is ordered to cease and desist from leasing or renting the apartment units on the Property or allowing them to be occupied by any person unless and until Rhone obtains a certificate of occupancy. The trial court ordered that (1) within five days of the entry of the Fifth Amended

---

[4] *See Hometown Bank, N.A. v. The City of Texas City, Texas*, Cause No. 14-21-00043-CV.

[5] Though Rhone testified at the temporary-injunction hearing that the apartment buildings on the Property were built in the "mid-1960s," Rhone has not asserted any defense or exception to the application of Section 111.1, such as section 102.6.2 of the 2015 edition of the International Building Code, which provides that "[t]he legal occupancy of any building existing on the date of adoption of this code shall be permitted to continue without change, except as otherwise specifically provided in this code, the International Fire Code, or International Property Maintenance Code, or as is deemed necessary by the building official for the general safety and welfare of the occupants and the public." International Building Code § 102.6.2 (2015 ed.).

3

Order, Rhone must provide written notice to all people inhabiting or residing in an apartment unit on the Property to vacate the apartment unit; and (2) once all of the apartment units on the Property are vacated, Rhone must "immediately secure the Real Property to ensure that there is no unauthorized entry to the extent that it could be entered or used by vagrant(s) or other uninvited person(s) as a place of harborage or could be entered or used by children." The trial court also ordered the City to provide housing options to any person currently inhabiting or residing in any apartment unit on the Property. The trial court decreed that any such person who elects to accept a housing option provided by the City must be given a $250 rent assistance voucher that can be used to offset the rent for the first month.

## II. ISSUES AND ANALYSIS

On appeal and before his brief was due, Rhone filed in this case an opposed motion to consolidate this appeal with the Bank's appeal in *Hometown Bank, N.A. v. The City of Texas City, Texas*, Cause No. 14-21-00043-CV. Before this court ruled on the motion, Rhone's brief came due, and he filed in this case the "Combined Brief of Appellants Thomas Rhone and Hometown Bank N.A." Even though the Bank is not a party in this appeal, the cover page of this brief bears the styles of both appeals, and the brief purports to be the brief of both Rhone and the Bank. Counsel for each party signed the brief. The first two appellate issues in the brief seek relief pertaining to Hometown Bank, and the third, fourth, and fifth issues seek relief pertaining to Rhone. The same brief was filed in Cause No. 14-21-00043-CV. This court later denied the motion to consolidate. In this context, we construe the brief filed in this appeal to contain two issues presented by the Bank in Cause No. 14-21-00043-CV (the first two issues), and three issues presented by Rhone in this appeal. In today's case, we address the three issues presented by Rhone. Because the Bank is not a party in this appeal, we do not address the first

4

two issues, which we leave to the determination of this court in Cause No. 14-21-00043-CV.

## A. Did the trial court abuse its discretion by issuing the temporary injunction?

In his third issue, Rhone asserts that the trial court abused its discretion in issuing the temporary injunction. The purpose of a temporary injunction is to preserve the status quo pending a trial on the merits. *See Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002); *8100 North Freeway Ltd. v. City of Houston*, 329 S.W.3d 858, 861 (Tex. App.—Houston [14th Dist.] 2010, no pet.). Generally, to obtain a temporary injunction, the applicant must prove a valid claim against the defendant, a probable right to relief, and imminent, irreparable injury in the interim. *See Butnaru*, 84 S.W.3d at 204; *8100 North Freeway Ltd.*, 329 S.W.3d at 861. However, when the applicant has shown a violation of a statute that authorizes injunctive relief, it need not prove imminent, irreparable injury. *See Butnaru*, 84 S.W.3d at 210; *8100 North Freeway Ltd.*, 329 S.W.3d at 861. Further, the merits of the suit are not issues for appellate review. *See 8100 North Freeway Ltd.*, 329 S.W.3d at 861. We review the trial court's decision on a temporary injunction request for an abuse of discretion. *See Butnaru*, 84 S.W.3d at 204; *8100 North Freeway Ltd.*, 329 S.W.3d at 861. We must not substitute our judgment for the trial court's judgment and may not reverse unless the trial court's action was so arbitrary that it exceeded the bounds of reasonableness. *See Butnaru*, 84 S.W.3d at 204; *8100 North Freeway Ltd.*, 329 S.W.3d at 861.

The City sought a temporary and permanent injunction under Local Government Code section 54.016, which provides that "[o]n a showing of substantial danger of injury or an adverse health impact to any person or to the property of any person other than the defendant, the municipality may obtain against the owner . . . an injunction that: (1) prohibits specific conduct that violates

5

the ordinance; and (2) requires specific conduct that is necessary for compliance with the ordinance." Tex. Civ. Prac. & Rem. Code Ann. § 54.016(a) (West, Westlaw through 2021 C.S.).

At the temporary-injunction hearing, Dennis Harris, the City's Fire Marshal, testified as follows:

- The Property "was in poor maintenance and did not have a certificate of occupancy."

- There are seven buildings on the Property, including four apartment buildings that have approximately 22 apartment units.

- The City received complaints of no smoke detectors in the apartments and the Property not being maintained.

- In response, Harris, the assistant fire marshal, and the code enforcement officer conducted a site inspection in January 2020.

- "Prior to going to the [Property], we looked to see if they had a certificate of occupancy, which our records indicated they did not. That was the first thing we established. We didn't have a certificate of occupancy."

- "When we arrived at the [Property], conducted our investigation, we found a number of violations. We felt the property was unsafe for dwelling."

- They were able to see that the means of egress from the second story, which are walkway balconies, are all "leaning and sagging, not supported." According to Harris, they are in disrepair, and the concrete is cracked.

- The railing is too low, rusted through, and not attached to the frame properly. On the stairs leading to the upstairs, the steps, the metal framing, is rusted completely through in many places. The concrete for the steps is cracked. The wood framing is rotten.

- The soffits have rotted wood. They found that "Hardiplank-type material" had been placed on top of rotten wood. Rotten wood had been painted over.

- There were cracks, holes and penetrations in some of the units which have void areas that needed to be sealed off.

6

- In many of the second story units, the floors were "sagging or sloping . . . in certain directions, which means there's some support issues within that separation from the first floor to the second floor."

- Rhone was given written notice of these issues.

- Rhone applied for building permits eight days before the temporary-injunction hearing, but at the time of the hearing no permits had been issued.

- A party would apply for a certificate of occupancy after the necessary work is approved, permits to do the work are issued, and the work is completed.

- Rhone has not applied for a certificate of occupancy.

- The condition of these apartments is similar to the condition of the Park Street Apartments where there was a fire in July of 2020 and one of the residents died.

- There never was an occupancy certificate.

- It was conveyed to Rhone that an inspection showed that the buildings have many hazards, present an undue risk to the public, and are unsafe and substandard.

Rhone testified that he has never applied for a certificate of occupancy and that it was his understanding that he had a certificate of occupancy because he passed the last inspection of the Property in 2013.

Rhone contends that the evidence at the temporary-injunction hearing fell far short of showing a substantial danger of injury or an adverse health impact to any person or to the property of any person other than the defendant, as required by section 54.016(a). Tex. Civ. Prac. & Rem. Code Ann. § 54.016(a). Based on the above evidence, we conclude that the trial court reasonably could have found that the evidence showed such a substantial danger. *See id.* Based on the evidence at the hearing, the trial court reasonably could have found that the City had shown a valid claim for injunctive relief against Rhone under Local Government Code

7

section 54.016 and had proven a probable right to that injunctive relief. *See* Tex. Civ. Prac. & Rem. Code Ann. § 54.016(a); *8100 North Freeway Ltd.*, 329 S.W.3d at 861, 863–65.

Rhone asserts that the Fifth Amended Order is a mandatory injunction that would only be proper in cases of extreme hardship or a clear and compelling showing of extreme necessity. Presuming, without deciding, that under general equitable principles, a party may not obtain a temporary mandatory injunction without a showing of extreme hardship or necessity, that requirement would not apply to injunctive relief based on section 54.016(a) of the Local Government Code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 54.016(a). Under the plain text of that statute, a party may obtain mandatory injunctive relief without showing extreme hardship, extreme necessity, or irreparable injury. *See id.* (stating that "[o]n a showing of substantial danger of injury or an adverse health impact to any person or to the property of any person other than the defendant, the municipality may obtain against the owner . . . an injunction that . . . **requires specific conduct** that is necessary for compliance with the ordinance") (emphasis added); *Butnaru*, 84 S.W.3d at 210; *8100 North Freeway Ltd.*, 329 S.W.3d at 861. Thus, the City did not have to show extreme hardship or necessity. *See* Tex. Civ. Prac. & Rem. Code Ann. § 54.016(a); *Butnaru*, 84 S.W.3d at 210; *8100 North Freeway Ltd.*, 329 S.W.3d at 861.

Rhone asserts that the City did not show that the tenants on the Property could not be relocated to other apartment units on the Property. Rhone cites no authority requiring the City to make this showing to be entitled to a temporary injunction, and we conclude that no such showing is required. *See* Tex. Civ. Prac. & Rem. Code Ann. § 54.016(a); *8100 North Freeway Ltd.*, 329 S.W.3d at 861, 863–65.

Rhone contends that the City failed to show that Rhone never had a certificate of occupancy. We disagree. Harris testified that the Property "did not have a certificate of occupancy." According to Harris, the City's records indicated that the Property had no certificate of occupancy. Harris testified that the first thing that the inspection team[6] established was that "We didn't have a certificate of occupancy." On redirect examination, the City's counsel asked Harris if there was ever an occupancy certificate, and he answered, "No." Harris also indicated that there was no mention of a certificate of occupancy in Plaintiff's Exhibit 5 and that there would have been a mention if a certificate of occupancy had been issued for the Property. Rhone relies upon an inspection of the Property in 2013 by the City's Fire Department. The Fire Department gave Rhone's representative a form document with various boxes that could be checked. The inspector only checked one box for "NO VIOLATIONS AT THIS TIME." One of the unchecked boxes was a box for "NO CERTIFICATE OF OCCUPANCY." Rhone's counsel asked Harris if the failure to check this box meant that a certificate of occupancy existed in 2013. Harris responded in the negative and said that the failure to check the box means that the inspector did not research whether there was a certificate of occupancy. There was evidence at the temporary-injunction hearing showing that Rhone never had a certificate of occupancy.

Rhone asserts on appeal that "Harris' testimony falls short of the specificity required by Tex. R. Evid. 803(7) to demonstrate the absence of a 'CO' in the City's record." Rhone waived this complaint by failing to preserve error in the trial court. *See White v. Fritz*, No. 05-10-01249-CV, 2011 WL 5067698, at *3 (Tex. App.—Dallas Oct. 26, 2011, no pet.) (mem. op.).

---

[6] The three people who inspected the Property in January 2020 were Fire Marshal Harris, Assistant Fire Marshal Shonna Bellow and Code Enforcement Officer Marylin Logan.

Rhone also asserts that the trial court "erred in overruling Rhone's objection to the admission of what purported to be a business or regular record of the City." Rhone does not specify the exhibit to which he refers or describe the objection in question. Rhone has not provided any argument, analysis, citations to the record, or citations to legal authority in support of this assertion. Even construing Rhone's brief liberally, we cannot conclude that Rhone adequately briefed this point, and so we find briefing waiver. *See* Tex. R. App. P. 38.1(i); *Marathon Petroleum Co. v. Cherry Moving Co.*, 550 S.W.3d 791, 798 (Tex. App.—Houston [14th Dist.] 2018, no pet.).

Rhone also asserts various complaints against a provision in earlier versions of the temporary-injunction order, under which Rhone was responsible for paying half of the rent assistance voucher. Because the Fifth Amended Order does not contain any such provision, these complaints are moot, and we do not address them. *See Youboty v. Youboty*, No. 14-20-00557-CV, 2022 WL 1548535, at *4 (Tex. App.—Houston [14th Dist.] May 17, 2022, no pet.). (mem. op.).

Because Rhone has not shown that the trial court abused its discretion in issuing the temporary injunction in any of the arguments under Rhone's third issue, we overrule that issue.

## B. Has Rhone shown that the Fifth Amended Order is overly broad?

In his fourth issue, Rhone asserts that the trial court abused its discretion by issuing an overly broad injunction which did not sufficiently describe the specific acts or forbearance required. Under this issue, Rhone asserts that although a temporary injunction should be broad enough to safeguard the plaintiff's protectable interests pending a trial on the merits, the injunction should not be so broad that it prohibits the restrained party from engaging in lawful activities that are a proper exercise of its rights. *See Cooper Valves, LLC v. ValvTechnologies,*

*Inc.*, 531 S.W.3d 254, 266 (Tex. App.—Houston [14th Dist.] 2017, no pet.). According to Rhone, because the violation asserted by the City was the absence of any certificate of occupancy, the City's protected interest was at most no more than to bring about repairs sufficient to warrant a certificate of occupancy. But, under Local Government Code section 54.016, the City's protected interest includes the substantial danger of injury or an adverse health impact to any person or to the property of any person other than the defendant. *See* Tex. Civ. Prac. & Rem. Code Ann. § 54.016(a). Rhone has not shown that the Fifth Amended Order goes beyond the safeguarding of the City's protectable interests pending a trial on the merits or that the Fifth Amended Order prohibits Rhone from engaging in lawful activities that are a proper exercise of his rights. *See id.*; *Ron v. Ron*, , 576–77 (Tex. App.—Houston [14th Dist.] 2020, no pet.).

Under the fourth issue, Rhone also asserts that Texas Rule of Civil Procedure 683 requires that a temporary injunction must (1) contain the reasons for its issuance, (2) be specific in its terms, (3) describe in reasonable detail the acts restrained by the order without reference to any other document, and (4) inform the party of the acts he is restrained from doing without requiring inferences or conclusions about which persons might disagree and which might require additional court hearings. Rhone then states in a conclusory manner that the trial court's temporary-injunction order "thoroughly violate[s] the standards described above." Rhone has not provided any argument or analysis as to how the trial court's temporary-injunction order allegedly violates these requirements. Even construing Rhone's brief liberally, we cannot conclude that Rhone adequately briefed this point, and so we find briefing waiver. *See* Tex. R. App. P. 38.1(i); *Marathon Petroleum Co.*, 550 S.W.3d at 798.

Under his fourth issue, Rhone also complains that a provision in earlier

11

versions of the temporary-injunction order requires Rhone to cause all inhabitants or residents of the apartments to vacate the Property within 20 days, even though Rhone asserts that this may be legally impossible because Rhone allegedly needs 30 days to force the tenants to leave the apartments. The Fifth Amended Order does not contain any provision requiring Rhone to cause the inhabitants or residents of the apartments to vacate the Property. Instead, under the Fifth Amended Order, Rhone must provide written notice to all people inhabiting or residing in an apartment unit on the Property to vacate their apartment within five days of the entry of the order. Thus, Rhone's complaint against the provision requiring Rhone to cause the inhabitants or residents of the apartments to vacate the Property is moot, and we do not address this complaint. *See Youboty*, 2022 WL 1548535, at \*4. Having addressed all the points under the fourth issue, we overrule the issue.

## C.    Has Rhone preserved error on his fifth issue?

In his fifth issue, Rhone asserts that the trial court abused its discretion by arbitrarily limiting the time allowed to Rhone to present his evidence. The record reflects that the trial court imposed a time limit on the parties during the temporary-injunction hearing. Rhone cites several discussions his counsel had with the trial court as to the time limit. Rhone does not cite and the record does not contain any objection raised by Rhone at the hearing to this time limit.

To complain on appeal that the time limit was arbitrary or unreasonable, it was incumbent upon Rhone to object on this basis when the trial court imposed the time limit. *See State v. Reina*, 218 S.W.3d 247, 254 (Tex. App.—Houston [14th Dist.] 2007, no pet.); *Schwartz v. Forest Pharms., Inc.*, 127 S.W.3d 118, 126–27 (Tex. App.—Houston [1st Dist.] 2003, pet. denied). To complain on appeal that subsequent events at the hearing made the trial court's time limit arbitrary or

unreasonable, Rhone was required to object when events at the hearing allegedly made the time limit arbitrary or unreasonable. *See Reina*, 218 S.W.3d at 254; *Schwartz*, 127 S.W.3d at 126–27. To complain that the trial court administered the time limit in an arbitrary or unreasonable manner, it was incumbent upon Rhone to object when the trial court allegedly did so during the hearing. *See Reina*, 218 S.W.3d at 254; *Schwartz*, 127 S.W.3d at 126–27. By not voicing any objection regarding the trial court's time limit during the temporary-injunction hearing, Rhone failed to preserve error and waived any complaint regarding the time limit. *See Reina*, 218 S.W.3d at 254; *Schwartz*, 127 S.W.3d at 126–27. Therefore, we overrule the fifth issue.

### D. Has Rhone briefed an argument that the trial court erred in denying his motion for continuance?

At the beginning of the temporary-injunction hearing, the trial court denied Rhone's motion for continuance. In the factual background section of his brief Rhone mentions this ruling. In his summary of argument, Rhone states that the trial court erred in denying his motion for continuance. Rhone does not mention his motion for continuance in any of his issues presented or in the argument section of his brief. Rhone has not provided any argument, analysis, or citations to legal authority in support of the proposition that the trial court erred in denying his motion for continuance. Even construing Rhone's brief liberally, we cannot conclude that Rhone adequately briefed this point, and so we find briefing waiver. *See* Tex. R. App. P. 38.1(i); *Marathon Petroleum Co.*, 550 S.W.3d at 798.

### III. CONCLUSION

Rhone has not shown that the trial court abused its discretion in issuing the temporary injunction. Rhone has not shown that the trial court abused its discretion by issuing an overly broad temporary injunction. Rhone failed to preserve error in

the trial court as to any complaint regarding the trial court's time limit during the temporary-injunction hearing. Even construing Rhone's brief liberally, we cannot conclude that Rhone adequately briefed an argument that the trial court erred in denying his motion for continuance. Having overruled all of Rhone's issues, we affirm the Fifth Amended Order.

/s/     Randy Wilson
Justice

Panel consists of Justices Wise, Hassan, and Wilson (Hassan, J., concurring without opinion).