**AFFIRMED and Opinion Filed September 20, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-23-00022-CV**

**IN THE INTEREST OF T.B.S., A CHILD**

**On Appeal from the 301st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-19-19030**

## MEMORANDUM OPINION

Before Justices Goldstein, Garcia, and Miskel
Opinion by Justice Garcia

Following a hearing on Father's application for a writ of habeas corpus and Mother's motion to modify, the trial court entered an order finding, among other things, that the parties are not coparenting, have demonstrated a continuing pattern of an inability to put the child first or communicate effectively, and have each wrongfully withheld the child from the other. The court ordered the parties to take or retake a coparenting class and further ordered that neither party may go to the child's school when the other party is beginning possession. Father was enjoined from going to or within 100 yards of Mother's home or work.

Father, appearing pro se, appeals from the trial court's order. As we discern his issue(s), he appears to challenge the injunctive aspect of the order as violating

the Texas Constitution, the Texas Family Code, and the rules of evidence and procedure, among other things. We affirm the trial court's judgment.

We construe liberally pro se pleadings and briefs; however, we hold pro se litigants to the same standards as licensed attorneys and require them to comply with applicable laws and rules of procedure. *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978). To do otherwise would give a pro se litigant an unfair advantage over a litigant who is represented by counsel. *Shull v. United Parcel Serv.*, 4 S.W.3d 46, 53 (Tex. App.—San Antonio 1999, pet. denied). The law is well established that, to present an issue to this Court, a party's brief shall contain, among other things, a concise, nonargumentative statement of the facts of the case, supported by record references, and a clear and concise argument for the contentions made with appropriate citations to authorities and the record. TEX. R. APP. P. 38.1; *McIntyre v. Wilson*, 50 S.W.3d 674, 682 (Tex. App.—Dallas 2001, pet. denied); *see also Richardson v. Marsack*, No. 05-18-00087-CV, 2018 WL 4474762, at *1 (Tex. App.—Dallas Sept. 19, 2018, no pet.) (mem. op.). When a party fails to adequately brief a complaint, he waives the issue on appeal. *Devine v. Dallas County*, 130 S.W.3d 512, 514 (Tex. App. —Dallas 2004, no pet.); *see also See Sullivan v. Bickel & Brewer*, 943 S.W.2d 477, 486 (Tex. App.—Dallas 1995, writ denied) (bare assertions of error, without argument or authority, waive error).

Father filed an amended brief after we ordered him to do so, but his amended brief is no more coherent than the first. It is the appealing party's burden to discuss

his assertions of error, and the appellate court has "no duty—or even right—to perform an independent review of the record and applicable law to determine whether there was error." *Bullock v. Am. Heart Ass'n*, 360 S.W.3d 661, 665 (Tex. App.—Dallas 2012, pet. denied); *see also Smartt v. City of Laredo*, 239 S.W.3d 869, 872 (Tex. App.—San Antonio 2007, pet. denied) (stating the appellant is obligated to explain his contentions and "cannot leave it up to us to develop it"). Any attempt to discern Father's issue(s) would be tantamount to making his arguments for him. *See Tello v. Bank One, N.A.*, 218 S.W.3d 109, 116 (Tex. App.—Houston [14th Dist.] 2007, no pet.).

Even though we generally disfavor resolving an appeal on inadequate briefing, because Father did not comply with TEX. R. APP. P. 38.1, his issue(s) present nothing for our review. The trial court's order is affirmed.

/Dennise Garcia/
DENNISE GARCIA
JUSTICE

230022F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

IN THE INTEREST OF T.B.S., A
CHILD
No. 05-23-00022-CV

On Appeal from the 301st Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DF-19-19030.
Opinion delivered by Justice Garcia.
Justices Goldstein and Miskel
participating.

In accordance with this Court's opinion of this date, the trial court's order is
**AFFIRMED**.

It is **ORDERED** that each party bear its own costs of this appeal.

Judgment entered September 20, 2023.