**EL PASO CITY COUNTY BAIL BOND BOARD, County of El Paso, and Leo Samaniego, Sheriff, Appellants,**

v.

**Nancy Merrill McCARTER d/b/a Merrill Bail Bonds, Appellee.**

No. 08–85–00254–CV.

Court of Appeals of Texas, El Paso.

Feb. 19, 1986.

Carl H. Green, Grambling & Mounce, Luther Jones, County Atty., El Paso, for appellants.

Scott E. Segall, El Paso, for appellee.

STEPHEN F. PRESLAR, C.J., and OSBORN and SCHULTE, JJ.

## OPINION

SCHULTE, Justice.

This is an accelerated appeal from the granting of a temporary injunction. On August 9, 1985, County Court at Law Judge Robert Galvan, Chairman of the Appellant Bail Bond Board, issued a memorandum indicating that the Appellee was in an overbonded financial condition in violation of Tex.Rev.Civ.Stat.Ann. art. 2372p–3, sec. 6(g) (Vernon Supp.1986). The memorandum recites that Appellee was given proper notice on July 17 and that the violation had not been cleared. It ordered that beginning August 9 no further bail bonds were to be accepted from Appellee until the proper bonding ratio had been reestablished. On August 9, Appellee filed an "Application for Writ of Certiorari and for Stay of Administrative Order." Where this denomination originated we have yet to ascertain. The grounds asserted by Appellee address the factual merits of the purported violation of the bond ratio. We construe this filing to be an attempted appeal of the Bail Bond Board's suspension order, coupled with a request for ancillary relief in the form of a temporary restraining order. The application was filed in County Court at Law Number One. Apparently because the judge of that court was the Bail Bond Board Chairman who issued the suspension order, 41st District Court Judge John McKellips assumed the role of presiding judge for County Court at Law Number One. Judge McKellips granted the temporary relief, set bond at $500.00 and ordered a hearing for September 4, 1985. On September 3, 1985, County Attorney Luther Jones on behalf of the Bail Bond Board filed a motion to dissolve the stay based solely and questionably upon Article 2372p–3, sec. 11, which states that "[t]he decision of the board shall have full force and effect pending the determination of the appeal." *But see: Travis County Bail Bond Board v. Smith,* 531 S.W.2d 236 (Tex.Civ.App.—Waco 1975, no writ). On September 4, 1985, Judge McKellips gave the parties fifteen days to present facts and figures on bond liabilities, ordered the parties to meet with a view to establishing agreed figures, and directed briefs and depositions be completed within fifteen days. On September 9, Appellants, County of El Paso and Sheriff Leo Samianiego, filed an answer challenging the continued stay based upon Section 11 of Article 2372p–3 and Appellee's failure to file a proper appeal within thirty days of the suspension order. On September 19, Judge McKellips conducted another hearing and by order signed September 25:

1) Denied Appellants' motions to dissolve;

2) Ordered Appellants to accept any and all bail bonds tendered by Appellee until final disposition of the merits of the suspension order; and

3) Ordered the parties to submit proposals for an independent audit of the records of both parties.

On October 2, Appellants gave notice of appeal. The appeal challenges the stay granted on August 9 and the order entered September 25.

As previously stated, despite the captions denominating Appellee's various filings, we have construed the grounds urged, the relief sought and the import of the resulting lower court orders as an attempted appeal and application for temporary restraining order, followed on September 25 by a temporary injunction. *Smith v. Ticor Title Insurance Co.*, 692 S.W.2d 531 (Tex.App.—El Paso 1985, no writ); *North Side Bank v. Wachendorfer*, 585 S.W.2d 789 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ). This construction is also adopted by Appellants and unchallenged by Appellee.

■ Appellants' brief continues to assert the provision of Section 11, as well as accurately point out certain defects in the lower court's progression from a temporary restraining order to a temporary injunction. The most apparent deficiency is the absence of a bond requirement in the temporary injunction order, which in itself would render the injunction void. *Ex parte Lesher*, 651 S.W.2d 734 (Tex.1983); *Boren v. Bank of the West*, 535 S.W.2d 776 (Tex.Civ.App.—Amarillo 1976, no writ); *North Side Bank, supra.*

■ An even more fundamental error is apparent from this record—the lack of subject matter jurisdiction in the lower court. Section 11 of Article 2372p–3 provides in part that:

> An appeal may be taken from any board's order revoking, suspending, or refusing to issue a license. The appeal must be made within 30 days after written notice of the suspension, revocation, or refusal by filing a petition in a *district court* in the county in which the license is issued or refused. [emphasis added].

In this case, the appeal was filed in the county court at law. While the hearings have been conducted before a district judge, all documents indicate that the chosen tribunal was a county court at law, not a district court, and that Judge McKellips had assumed the role of presiding judge for the lower court. Effective September 1, 1983, Tex.Rev.Civ.Stat.Ann. art. 1970–127b (Vernon Pamphlet Supp.1986), provided for an expansion of the civil subject matter jurisdiction of the El Paso County Courts at Law to include matters previously confined to district courts. Section 6 of that statute does provide for an exchange of benches between district and county court at law judges within the newly created overlap of jurisdiction. The assumption that this statute sanctions the proceedings which have already transpired cannot survive a reference to Section 2(b)(5) which expressly excludes appeals from the area of expanded jurisdiction. Consequently, the attempted appeal filed in County Court at Law Number One was lodged in a court without subject matter jurisdiction. With no valid appeal pending, there was no basis for ancillary temporary relief via the restraining order or the temporary injunction. All orders subsequent to the Bail Bond Board's suspension order are void ab initio.

The orders of the lower court are reversed and Appellee's Application for Writ of Certiorari and for Stay of Administrative Order is ordered dismissed.