**EL PASO CENTRAL APPRAISAL DISTRICT and the Appraisal Review Board for the El Paso Central Appraisal District, Appellants,**

v.

**The EV. LUTHERAN GOOD SAMARITAN SOCIETY, INC., d/b/a the White Acres Good Samaritan Retirement Village of El Paso, Texas, Appellee.**

No. 08–87–00251–CV.

Court of Appeals of Texas, El Paso.

Oct. 26, 1988.

Willis Lee Berrier, El Paso, for appellants.

Malcolm Harris, Kurt Paxson, Grambling & Mounce, El Paso, for appellee.

Before OSBORN, C.J., and FULLER and WOODARD, JJ.

## OPINION

OSBORN, Chief Justice.

This appeal is from a judgment entered in a bench tried case allowing the Appellee tax exempt status on a retirement and nursing home in El Paso. We reverse.

The Evangelical Lutheran Good Samaritan Society, Inc., is organized as a non-profit corporation under the laws of North Dakota. It operates, in El Paso, a one hundred unit apartment complex for elderly, retired people who do not need immediate medical care and a sixty bed nursing home for those who do need regular medical care. The Society's application for tax exempt status was denied as to the retirement center, and this suit was filed for a de novo review of that determination. Judgment was entered granting tax exempt status to both the residential and nursing units.

This organization's tax exempt status was before the court in *City of McAllen v. The Evangelical Lutheran Good Samaritan Society*, 530 S.W.2d 806 (Tex.1975). In the opinion for the court, Justice Denton set forth its operations in providing one hundred seventy facilities in twenty-one states. They now operate two hundred homes in twenty-five states. In the *McAllen* case, the Court concluded the Society was entitled to a tax exempt status even though some compensation was received from all patients and only about ten percent of the patients failed to pay the entire cost of their care.

In the case at bar, the trial court made extensive findings of fact and conclusions of law which are the basis for the judgment granting tax exempt status to the Appellee. The court found Appellee is organized as a "religious, charitable, non-profit corporation" which provides, on a non-profit and charitable basis, nursing home facilities and permanent housing and related social, health care and educational facilities for persons who are sixty-two years of age or older, without regard to the residents' ability to pay. The court concluded that Appellee was entitled to tax exempt status under Tex.Tax Code Ann. sec. 11.18 (Vernon 1982), and specifically under subsection (c)(1)(M).

In Point of Error No. One, the Appraisal District contends the trial court erred in finding Appellee entitled to an exemption from ad valorem taxation because it was not organized exclusively to perform one or more of the enumerated functions set forth in subsection (c) of sec. 11.18 of the Tex.Tax Code Ann. The contention is made that by being able to engage in other activities under its charter, the Society is not entitled to an exemption status.

The statute first requires an organization be "organized exclusively to perform religious, charitable, scientific, literary, or educational purposes...." In this case, the Society's Articles of Incorporation state that it is empowered to engage in work of a charitable and religious nature. The Society is authorized to own and operate nursing homes and homes for elderly people. In order to qualify for admission to White Acres Good Samaritan Retirement Village in El Paso, a person had to be retired, or semi-retired and at least sixty-two years old. At the time of trial, no one resided in the apartment complex who was under sixty-four years old and only nine of the eighty-two residents were under seventy years of age. The average age of all the residents was eighty-one years old. The proof was sufficient to show that the facilities in El Paso were built and are operated so as to meet the requirements for tax exempt status under Tex.Tax Code Ann. sec. 11.18(c)(1)(M).

We conclude the Society is entitled to tax exempt status even though it may engage in other benevolent work of a charitable and religious nature. In *City of McAllen v. The Evangelical Lutheran Good Samaritan Society*, the Court specifically noted that it is not a fatal defect to join charitable and religious purposes, and ex-

emption will not be lost so long as the charitable requirements are met.

We hold the Society is qualified under the standards set forth in the present statute. First, it has as a general purpose, performing religious and charitable functions. Second, it does as to this particular property, provide permanent housing and related social, health care and educational facilities for persons who are sixty-two years of age or older, without regard to the residents' ability to pay. Point of Error No. One is overruled.

In its next point of error, the Appraisal District contends the trial court erred in finding that it had jurisdiction of this cause. The argument is made that the society failed to offer proof that an order of the appraisal review board determining a protest filed by the Society had been entered so as to confer jurisdiction on the district court. The Tex.Tax Code Ann. sec. 42.01 (Vernon 1982), gives a property owner a right to appeal "an order of the appraisal review board determining a protest by the property owner...." In this case, the Society filed a petition on September 14, 1984, alleging an appeal from the appraisal review board signed on August 2, 1984, and it filed a second petition on September 10, 1985, alleging an appeal from an order of the appraisal review board on July 29, 1985. In each instance, it was alleged that the Society gave notice of appeal within fifteen days and filed its petition for review within forty-five days, all as required by the Tex.Tax Code Ann. sec. 42.21.

Following the entry of an order of consolidation, the two appeals were tried together in one hearing. The two orders from the appraisal review board were not offered in evidence. There was no testimony concerning the dates on which the orders were entered or the terms of the orders which denied tax exemption status to the Society. Although there was testimony concerning a hearing before the board of review, we conclude that the Society did not offer proof of an order of the appraisal review board determining a protest by the property owner as required by Tex.Tax Code Ann. sec. 42.01(1). We sustain Point of Error No. Two.

■ It is contended in the last point of error, that the petition which was filed in 1984, appealing the August 2, 1984 order of the appraisal review board, was not filed in a district court having jurisdiction within forty-five days after the order appealed from was received by the Society. The plaintiff's original petition was presented to the district clerk on September 14, 1984, well within the forty-five days of the August 2, 1984 order, as required by Tex.Tax Code Ann. sec. 42.21. Through a clerical error, the case was assigned by the clerk's office to the County Court at Law No. Four. County courts at law, in El Paso County, do not have jurisdiction over "appeals". Tex.Rev.Civ.Stat.Ann. art. 1970–127b, sec. 2(b)(5). *El Paso City County Bail Bond Board v. McCarter*, 705 S.W.2d 816 (Tex.App.—El Paso 1986, no writ). On October 3, 1986, the county court at law judge signed an "Order of Transfer Nunc Pro Tunc", directing the clerk to correct the docketing error and to file the suit in a district court as of September 14, 1984. There being no prior order to correct, the court could not enter a nunc pro tunc order. Since the County Court at Law had no jurisdiction, the only order it could enter would be an order of dismissal of the case in County Court at Law.

Although the court, by the October 3, 1986 order, directed that the case be refiled in the district court of El Paso County as of September 14, 1984, it was without authority to direct that the petition be refiled in a district court and dated back to the date of the original filing in the county court at law. If the appeal was not filed in a district court within the forty-five day time limit, the district court did not acquire jurisdiction to review the appraisal review board's order. *Poly–America, Inc. v. Dallas County Appraisal District*, 704 S.W.2d 936 (Tex.App.—Waco 1986, no writ). Since the statutory requirement for filing a petition for review with the district court within forty-five days as set forth in Tex.Tax Code Ann. sec. 42.21 is a jurisdictional requirement, the provision for abatement of a

limitation period as provided for in Tex.Civ. Prac. & Rem.Code Ann. sec. 16.064 (Vernon 1986), has no application. Point of Error No. Three is sustained.

The judgment of the trial court declaring that the Evangelical Lutheran Good Samaritan Society, Inc., d/b/a The White Acres Good Samaritan Retirement Village of El Paso, Texas, is entitled to tax exempt status for the subject property for the year 1984, is reversed and the appeal from the appraisal review order signed on August 2, 1984, is dismissed. It is further ordered that the judgment of the trial court in all other respects is reversed and the case is remanded to the trial court for a new trial and so that proof may be made as to the appraisal review board order alleged to have been signed on July 29, 1985.

### SUPPLEMENTAL OPINION

The parties to this appeal have, subsequent to our original opinion, filed in this case a joint stipulation in which they agree that the Appraisal Review Board for the El Paso Central Appraisal District did in fact enter its order on July 29, 1985, denying charitable exempt status to the Appellee for the year 1985. Based upon the stipulation, the parties have moved the Court to affirm the judgment of the trial court which granted tax exempt status for the year 1985. The motion is granted and the judgment of the Court is amended in accordance with the parties joint stipulation.