Mary CAMACHO, et al., F.S. Timmons, et al., and Odia Harvey, Appellants,

v.

Leo SAMANIEGO, Individually and as in his capacity as Sheriff of El Paso County, and El Paso County, Texas, Appellees.

No. 09-90-00294-CV.

Court of Appeals of Texas, El Paso.

June 5, 1991.

Rehearing Denied July 3, 1991.

Max Christenson, Odessa, Stewart W. Forbes, Susan Larsen, Steven L. Hughes, Mounce & Galatzan, James O. Darnell, Grambling Darnell, L.L.P., El Paso, for appellants.

Joe Lucas, Co. Atty., Eddie Martin, J. Monty Stevens, Dudley, Dudley and Windle, El Paso, for appellees.

Before FULLER, STEPHEN F. PRESLAR and WOODARD, JJ.

## OPINION

STEPHEN F. PRESLAR, Justice.

This is an appeal from a summary judgment granted to the Appellees upon cross motions by both sides. We vacate the judgment and dismiss the cause of action on finding the statute involved is unconstitutional. Mary Camacho, individually and d/b/a Afuera Out Bail Bonds, initiated this suit for damages and injunctive relief stemming from Sheriff Samaniego's collection of a pre-conviction bail bond approval fee in all misdemeanor and felony cases at the time a surety bond is tendered for the arrestee's release. The bond amount has been set by order of the El Paso County Commissioners Court. In 1984, the fee was set at $2.00. In 1985, it was raised to $5.00, in 1987 to $10.00 and in 1988 to $18.00. Appellant Camacho sought certification for a class action, her proposed class to include bail bondsmen doing business in El Paso County and all clients of such bondsmen in whose cases the bond fee was paid. Class certification was denied. The other Appellant bondsmen were then joined or intervened as co-plaintiffs. Both sides filed motions for summary judgment. Appellants sought (and still seek by rendition) relief consisting of declaratory and injunctive relief from the bail bond approval fee order as unconstitutional and/or otherwise unlawful, restitution of all fees paid (with interest), and statutory damages of four times the fees collected, for extortion of an unlawful fee. Appellants' motions were denied; Appellees' were granted.

The major problem, fatal to this cause of action, appears to be a lack of subject matter jurisdiction in the trial court. This was raised below by the Appellees, but was overruled by the trial judge, with express finding in the judgment. It has not been urged on appeal, but must nonetheless be assessed by this Court, sua sponte, as a necessary underlying element of this Court's own jurisdiction.

Article V, § 8 of the Texas Constitution and Tex. Gov't Code Ann. § 24.020 (Vernon 1988) provide that the district court has

"appellate jurisdiction and general supervisory control over the commissioners court...." The concurrent jurisdiction of district courts and county courts at law in El Paso County is governed by Tex. Gov't Code Ann. § 25.0732 (Vernon 1988 and Supp.1991). Subsection (b) of that statute provides for several exceptions to the concurrent jurisdiction—felony criminal cases, misdemeanors involving official misconduct and election contests. Prior to amendment in 1989, the list of exceptions included the district court appellate jurisdiction. Subsection (d) has consistently provided that the county courts at law do not hold concurrent jurisdiction with the district courts in exercising general supervisory control over the county commissioners court.

The 1989 amendments to Section 25.0732, which removed appeals from the exceptions list in subsection (b) and added the corrective provisions of subsection (t), were in response to this Court's opinion in *El Paso City County Bail Bond Board v. McCarter*, 705 S.W.2d 816 (Tex.App.—El Paso 1986, no writ). In that case, separate appeals were filed from decisions of the bail bond board. Under the concurrent jurisdiction procedure, one was assigned to a district court, the other to a county court at law. The two were consolidated by court order in the county court at law, albeit with a district judge presiding. Unfortunately, the causes were consolidated in a court lacking subject matter jurisdiction over appeals to the district court. Tex.Rev.Civ. Stat.Ann. art. 2372p–3 (Vernon Supp.1991). Despite the amendments to Section 25.-0732, the same result obtains in the present case.

■ In issuing the order for bail bond approval fees, the El Paso County Commissioners Court was acting in an executive or delegated legislative capacity, not in an adjudicatory role. There is no statutory framework for an "appeal" from such an order. Consequently, the present challenge to the order does not constitute an appeal, subject to the present concurrent jurisdiction of the district courts and county courts at law of El Paso County. This is a direct attack on the order, invoking the district court's exclusive general supervisory control over the commissioners court. *Mobil Oil Corporation v. Matagorda County Drainage District No. 3*, 597 S.W.2d 910, 911–912 (Tex.1980); *Scott v. Graham*, 156 Tex. 97, 292 S.W.2d 324 (1956); *Vondy v. Commissioners Court of Uvalde County*, 714 S.W.2d 417, 420 (Tex. App.—San Antonio 1986, writ ref'd n.r.e.); *J.R. Phillips Inv. Co. v. Road Dist. No. 18 of Limestone County*, 172 S.W.2d 707, 712 (Tex.Civ.App.—Waco 1943, writ ref'd).

■ Appellant Harvey concedes that this suit constituted an invocation of supervisory control over the commissioners court, as opposed to an appeal from the order. Harvey seeks to avoid this fatal flaw in subject matter jurisdiction of the trial court by reference to Section 25.0732, subsection (t). Subsection (t) was no doubt intended as a retroactive panacea to cure filing mistakes affecting subject matter jurisdiction. It provides that if a cause of action is assigned to a county court at law which does not have subject matter jurisdiction, the mistake shall be considered a clerical error, subject to correction by nunc pro tunc order or judgment. The cause shall be considered as having been properly filed in and disposed of by a district court, and the county court at law judge who actually heard the matter shall be considered to have been presiding for the district judge.

The scope of subsection (t) amounts to a legislative encroachment upon the powers of the judiciary, in violation of Article II, § 1 of the Texas Constitution. *Compare Meshell v. State*, 739 S.W.2d 246 (Tex.Crim. App.1987); *Langever v. Miller*, 124 Tex. 80, 76 S.W.2d 1025 (1934); *Ex Parte Towles*, 48 Tex. 413 (1878). Subsection (t) violates the separation of powers doctrine in two respects. First, the general supervisory power of the district court over county commissioners court is conferred by the Texas Constitution. While Article V, § 8 provides a basis for the legislature to subject that jurisdiction to statutory exception and regulation, Section 25.0732(d) evidences the legislatures intent to continue the district court's exclusive supervisory control over the commissioners court. What is expressly denied under the Constitution and subsection (d) cannot be indirect-

ly accomplished through subsection (t). If the legislature has not properly conferred subject matter jurisdiction on a trial court, it cannot mindlessly produce that result by rewriting the procedural history of a fatally flawed case.

 In addition, the determination of subject matter jurisdiction is perhaps the most fundamental assessment to be made by a judicial officer. From that determination flows the propriety or nullity of all subsequent rulings. With regard to subject matter jurisdiction, there is no middle ground of being voidable. Subject matter jurisdiction cannot be conferred by agreement and cannot be waived. From petition to mandate, if an error in subject matter jurisdiction is raised by a party or noticed sua sponte by the courts, it must be acted upon and resolved. The only "jurisdiction" of which every court is assured possession is the jurisdiction to assess its subject matter jurisdiction and act accordingly.

Similarly, the question of what constitutes clerical error and what constitutes judicial error is a determination unique to the judicial function and embraced within the inherent powers of the judicial branch of government. *See Eichelberger v. Eichelberger,* 582 S.W.2d 395, 398, n. 1, 398–399 (Tex.1979). The legislature may not usurp the judicial authority over such questions by absolute statutory definition, particularly a definition which does not even recognize the distinction between clerical and judicial error. Consequently, subsection (t) violates the separation of powers doctrine and is unconstitutional.

This cause was tried in a county court at law, lacking subject matter jurisdiction. Lawyers and judges are schooled, tested, licensed and paid to make professional assessments of subject matter jurisdiction. That duty does not devolve upon a deputy district clerk. The record does not reflect a mere mechanical, clerical error in filing on the part of the district clerk's office, as opposed to a conceptual, judgmental error on the part of the attorneys and trial judge. Subsection (t) would not even recognize such a distinction. To permit a fictional "correction" under subsection (t) would be to permit parties to circumvent the cardinal

rules that subject matter jurisdiction is fundamental, cannot be waived and cannot be conferred by agreement. The judgment must be vacated and the cause of action dismissed due to lack of trial court subject matter jurisdiction.

Accordingly, the judgment of the trial court is hereby vacated and the cause of action dismissed.