**Reversed and Rendered and Memorandum Opinion filed June 30, 2015.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-14-00251-CV

---

### NHH-CANAL STREET APARTMENTS, INC., A TEXAS NON-PROFIT CORPORATION, Appellant

### V.

### HARRIS COUNTY APPRAISAL DISTRICT AND HARRIS COUNTY APPRAISAL DISTRICT APPRAISAL REVIEW BOARD, Appellees

---

**On Appeal from the 295th District Court
Harris County, Texas
Trial Court Cause No. 2010-68486**

---

## M E M O R A N D U M   O P I N I O N

Appellant, NHH-Canal Street Apartments, Inc., a Texas Non-Profit Corporation, ("NHH-Canal Street") appeals the trial court's orders denying its motion for summary judgment in its suit challenging the denial of a property tax exemption and granting summary judgment in favor of appellees, Harris County Appraisal District and Harris County Appraisal District Appraisal Review Board (collectively "HCAD"). We reverse and render judgment in favor of NHH-Canal Street.

# I. BACKGROUND

New Hope Housing, Inc. ("NHH") is a Texas non-profit corporation, exempt from federal income taxation under section 501(c)(3) of the Internal Revenue Code, and organized exclusively for charitable and educational purposes. Its mission is to provide "life-stabilizing, affordable, permanent housing with support services for people who live on limited incomes." It owns and operates the NHH-Canal Street Apartments, located at 2821 Canal Street, Houston, Harris County, Texas. The NHH-Canal Street Apartments is a single room occupancy facility. All residents are low-income individuals, most of whom are homeless, disabled, or have special needs. In order to qualify for housing, the individual must produce documentation that his or her annual income does not exceed the limits set by the Department of Housing and Urban Development. The residents pay no, or significantly-reduced, rents. In addition to housing, residents are provided other support, including assistance with securing employment, managing finances, education assistance, social programs, nutritional information, health screenings and counseling.

For tax years 2008-2011, HCAD denied NHH-Canal Street an ad valorem property tax exemption for charitable organizations under Texas Tax Code Sections 11.18(d)(2) and (3). *See* Tex. Tax Code Ann. §§ 11.18(d)(2), (3) (West, Westlaw through 2015 R.S.). HCAD denied the exemption because it believed NHH-Canal Street generally required its residents to pay some portion of rent for the apartments; thus, it could not establish it provided support without regard to a tenant's ability to pay for an apartment.

NHH-Canal Street appealed to the trial court HCAD's denial of the exemption. Both HCAD and NHH-Canal Street filed traditional motions for summary judgment. The trial court granted HCAD's motion and denied NHH-Canal Street's motion.

## II. ANALYSIS

In four issues, NHH-Canal Street challenges the trial court's order granting HCAD's motion for summary judgment and denying NHH-Canal Street's motions for summary judgment and reconsideration.

### A. Standard of Review

When, as in this case, both parties file motions for summary judgment and the trial court has granted one and denied the other, we may consider the propriety of the grant, as well as the denial, of the motions, and affirm or reverse accordingly. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (citing *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000)); *Cullins v. Foster*, 171 S.W.3d 521, 529 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (citing *Lidawi v. Progressive County Mut. Ins. Co.*, 112 S.W.3d 725, 729 (Tex. App.—Houston [14th Dist.] 2003, no pet.)). If the facts are undisputed and the court considers a question of law, the court will affirm the judgment or reverse and render. *Cullins,* 171 S.W.3d at 530. Where statutory construction is involved, we review *de novo*, as we do all questions of law. *See Texas Dept. of Transp. v. Needham*, 82 S.W.3d 314, 317 (Tex. 2002).

When both parties move for summary judgment, we must review the summary-judgment evidence presented by both sides to determine the questions presented, and render the judgment the trial court should have rendered. *Gilbert Texas Constr., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 124 (Tex. 2010); *Expro Americas LLC v. Sanguine Gas Exploration, LLC*, 351 S.W.3d 915, 919 (Tex. App.—Houston [14th Dist.] 2011, pet. denied). In the case of cross-motions for summary judgment, each party must establish it is entitled to judgment

as a matter of law. *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex. 2000).

A plaintiff moving for traditional summary judgment must conclusively establish all essential elements of its claim. *Cullins*, 171 S.W.3d at 530 (citing *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986)). If the movant establishes a right to summary judgment, the nonmovant bears the burden to present evidence raising an issue of material fact. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000).

We review *de novo* a traditional motions for summary judgments. *See Ferguson v. Bldg. Materials Corp. of Am.,* 295 S.W.3d 642, 644 (Tex. 2009) (per curiam). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

## B. Motions for summary judgment

NHH-Canal Street moved for summary judgment contending it is exempt from taxation as authorized by Texas Constitution Article 8, Section 2(a) and Texas Tax Code Sections 11.18(d)(2) and (d)(3). *See* Tex. Const. art. VIII, § 2(a); Tex. Tax Code Ann. §§ 11.18(d)(2), (3). Sections 11.18(d)(2), (3) provide:

> (d)   A charitable organization must be organized exclusively to perform religious, charitable, scientific, literary, or educational purposes and, except as permitted by Subsections (h) and (l) engage exclusively in performing one or more of the following charitable functions: . . .
>
> > (2)    providing support or relief to orphans, delinquent, dependent, or handicapped children in need of residential care, abused or battered spouses or children in need of temporary shelter, the impoverished, or victims of natural disaster without regard to the beneficiaries' ability to pay.

4

> (3)    providing support without regard to the beneficiaries' ability to pay to
>
>> (A)  elderly persons, . . . ; or
>>
>> (B)  the handicapped. . . .

*See* Tex. Tax Code Ann. §§ 11.18(d)(2), (3).

HCAD also moved for summary judgment, contending that NHH-Canal Street did not fall under the Tax Code's requirements for exemption from taxation because it does not provide services to the impoverished "without regard to the beneficiaries' ability to pay," as found in Sections 11.18(d)(2), (3). *See id.*

## C.    Qualification for exemption

NHH has conclusively established that it serves the "impoverished." Under Section 11.18(d)(2), NHH does not have to establish that it does so "without regard to the beneficiaries' ability to pay." *See id.*

### 1.    Service to the impoverished

In order to qualify for an exemption, NHH-Canal Street must fall within the statutory and constitutional requirements for exemption. *See N. Alamo Water Supply Corp. v. Willacy Cnt.y Appraisal Dist.*, 804 S.W.2d 894, 899 (Tex. 1991). The statutory provisions for a charitable organization's exemption from taxation are found in Section 11.18 of the Tax Code, as set forth above. The constitutional requirements found in Article VIII, sections 1 and 2 provide that taxation "shall be equal and uniform" and "the legislature may, by general laws, exempt from taxation . . . institutions of purely public charity; and all laws exempting property from taxation other than the property mentioned in this Section shall be null and void. *See* Tex. Const. art. VIII, §§ 1, 2. Although the constitution does not define "purely public charity," we look to certain elements to determine whether an organization qualifies for a tax exemption:

5

> First, it made no gain or profit; second, it accomplished ends wholly benevolent; and, third, it benefitted persons, indefinite in numbers and in personalities, by preventing them, through absolute gratuity, from becoming burdens to society and to the state. . . . Charity need not be universal to be public. It is public when it affects all the people of a community or state, by assuming, to a material extent, that which might otherwise become the obligation or duty of the community or the state.
>
> . . . .
>
> The word 'purely' was meant 'to describe the quality of the charity, rather than the means by which it is administered, that it should be wholly altruistic in the end to be attained, and that no private or selfish interest should be fostered under the guise of charity . . . .'

*N. Alamo Water*, 804 S.W.3d at 897 (citing *City of Houston v. Scottish Rite Benevolent Ass'n*, 111 Tex. 191, 198–99, 230 S.W. 978, 981 (1921)) (quoting *Widows' & Orphans' Home v. Commonwealth*, 126 Ky. 386, 103 S.W. 354, 358 (1907)); *see also River Oaks Garden Club v. City of Houston*, 370 S.W.2d 851, 853 (Tex. 1963) (holding article VIII, Section 2 exempts from taxation an institution of purely public charity where property "was owned and used exclusively by them for purely public charity.").

The evidence reflects that after receiving a significant donation from the congregants of Christ Church Cathedral, New Hope Housing was founded in 1993. New Hope Housing raised over $75 million to support its mission of providing single room occupancy housing in Houston. The organizational purpose of NHH-Canal Street was for "owning, developing, constructing and operating housing for low income homeless and unemployed persons; providing educational and social programs to assist and better prepare such persons in achieving gainful employment; and performing such other functions as may be necessary or appropriate to fulfill these purposes." To support those purposes, NHH-Canal Street built and operates the Canal Street Apartments under restriction agreements

6

amongst the City of Houston, Texas Department of Housing and Community Affairs, and the Federal Home Loan Bank of Atlanta. In the past two decades, New Hope Housing, and its subsidiaries including NHH-Canal Street, has provided housing to over 8,000 individuals.

The evidence shows that a majority of residents of New Hope Housing and other subsidiaries, including NHH-Canal Street, are below the poverty line, and a majority of them are disabled, have special needs, and/or are formerly homeless. Its tenants are screened to ensure that their incomes are at or below the poverty level, and all pay some amount of below-market rent. NHH-Canal Street also provides residents with various activities, offered at no charge, including counseling, educational programs, health screening, and other services described above.

Rent levels at the Canal Street Apartments are determined each year and are set at levels that cover operating costs and include a maintenance/replacement reserve. The rent levels are substantially below market rental rates due to large contributions which eliminated debt for the construction and operation of the apartments. The rents do not fund all of the resident services provided at NHH-Canal. Additionally, because the rents do not cover the total cost of operating expenses (rent and other services provided), New Hope Housing subsidizes the operations at NHH-Canal-Street. Finally, the evidence reflects that NHH-Canal Street was constructed entirely through charitable contributions, rendering the operation debt-free. When taken as a whole (below-market rent, costs of resident services programs and debt-free construction), for the tax years at issue, 65-75% of NHH-Canal Street's costs are charitable. As a result, NHH-Canal operates at a loss on an annual basis. In order to fund those losses, New Hope Housing accepts charitable contributions.

We hold the "ultimate consideration" should turn on the totality of the services NHH-Canal Street provided at or below cost, or in the case of programs and services, at no cost—all of which support the New Hope Housing mission. *See Dallas Cnty. Appraisal Dist. v. The Leaves, Inc.*, 742 S.W.2d 424, 427 (Tex. App.—Dallas 1987, writ denied) (granting exemption where 14% of revenue was from charity) (citing *City of McAllen v. Evangelical Lutheran Good Samaritan Society*, 530 S.W.2d 806, 809–10 (Tex. 1975) which concluded an exemption is appropriate when there are no patients who cannot pay something toward their care and where the hospital operated at a loss)). The *City of McAllen* court's rationale is instructive and controls the outcome here. Key to that holding is not that services are provided free of charge. *See City of McAllen*, 530 S.W.2d at 809. Rather, what controls is whether the charitable organization demonstrates that beneficiaries are not required to pay the full cost of services received. *Id.*

We conclude the evidence established that NHH-Canal Street's tenants are not required to pay the full cost of rent or other services provided; therefore, NHH-Canal Street should not be denied the tax exemption of Section 11.18(d)(2). *See id.*, 520 S.W.2d at 806; *Lamb County Appraisal Dist. v. South Plains Hospital-Clinic, Inc.*, 688 S.W.2d 896, 904–905 (Tex. App.—Amarillo 1985, writ ref'd n.r.e.) (allowing exemption where 8-15% of patients received charity, hospital's source of income was derived from other patients who paid for care and no patient was denied care); *El Paso Cent. Appraisal Dist. v. Evangelical Lutheran Good Samaritan Society, Inc.*, 762 S.W.2d 207, 208 (Tex. App.—El Paso 1988, no writ) (holding exemption was proper where charity engaged in benevolent work beyond that of charitable and religious nature); *cf. Hilltop Village, Inc. v. Kerrville Ind. School Dist.*, 426 S.W.2d 943, 949 (Tex. 1968) *overruled by City of McAllen*, 530 S.W.2d at 811 (denying exemption where charity not "bound to assume charitable obligations" or to dispense relief to the needy and "no assurance that society is

8

being or will be relieved of the care and expense of those in need."); *Baptist Memorials Geriatric Ctr. v. Tom Green Cnty. Appraisal Dist.*, 851 S.W.2d 938, 944 (Tex. App.—Austin 1993, writ denied) (denying exemption where charity did not use property for charitable purposes).

**2.    As a matter of statutory interpretation, NHH was not required to show that it served the impoverished without regard to beneficiaries' ability to pay**

NHH-Canal Street argues that the word "impoverished" is not modified by the words "without regard to the beneficiaries' ability to pay.  Section 11.18(d)(2) provides in pertinent part that the charitable organization is entitled to the tax exemption where it provides support to "…the impoverished, or victims of natural disaster without regard to the beneficiaries' ability to pay."  *See* Tex. Tax Code Ann. § 11.18(d)(2).  On the other hand, Section 11.18(d)(3) provides that the charitable organization is exempt where it is "'providing support without regard to the beneficiaries' ability to pay' to: (A) elderly persons, . . . (B) the handicapped . . . ." *See id.*  NHH-Canal Street argues that under a plain reading of the statute, "without regard to beneficiaries' ability to pay" modifies only "victims of natural disaster" and not the word "impoverished." NHH-Canal Street further argues that, if the Legislature had intended such a modification, it could have written Section (d)(2) just as it wrote (d)(3).

HCAD argues that "without regard to beneficiaries' ability to pay" modifies "the impoverished," and because NHH-Canal Street requires a tenant to have a minimum income, it is considering the beneficiaries' ability to pay.  HCAD contended that NHH-Canal Street's "Tenant Selection Plan and Procedure Manual" (the "Manual") of New Hope Housing, Inc. ("NHHI")[1] is evidence that NHH-Canal Street considers ability to pay:

---

[1]   NHHI is a Texas nonprofit corporation which provides property management to its

9

An applicant must demonstrate sufficient income to pay full rent. To be considered eligible for residency, the applicant's income must be greater than 1.5 times the rental amount. NHHI will have rental rates affordable to individuals with low-incomes not exceeding the applicable program rent limits set by the HOME Investment Partnership Program, FHLB-Atlanta Affordable Housing Program, Housing Tax Credit Program and HUD.

In the "Tenant Qualifying Criteria" section of the Manual is a "General Occupancy Standard," which provides:

An applicant must provide proof of annual gross income that does not exceed the annual income limits set by U.S. Department of Housing & Urban Development ("HUD"). An Applicant must demonstrate sufficient income to pay full rent. The Applicant's income must be greater than 1.5 times the rental amount to be considered eligible.

New Hope reserves the right to give first priority to applicants who are Veterans and Persons with Special Needs. "Persons with Special Needs," as defined by HUD, includes persons with disabilities, persons with HIV/AIDS, elderly persons, frail elderly persons, persons with alcohol and/or drug addictions, victim of domestic violence, persons who are homeless and public housing residents.

HCAD cites other sections in the Manual stating that "rent is not subsidized," "All eligible applicants will be screened to determine their ability to pay rent on time and meet the requirements of the lease," and the screening is be applied to all applicants.

As quoted above, Section 11.18(d)(2) provides that the charitable organization is entitled to the tax exemption where it provides support to "the impoverished, or victims of natural disaster without regard to the beneficiaries' ability to pay." *See* Tex. Tax Code Ann. § 11.18(d)(2). Section 11.18(d)(3) provides that the charitable organization is exempt where it is "'providing support without regard to the beneficiaries' ability to pay to: (A) elderly persons, . . . (B) the handicapped . . . ." *See id.*

communities, including the Canal Street Apartments.

10

HCAD argues that NHH-Canal Street is entitled to the tax exemption only if it shows that it serves the "impoverished without regard to the beneficiaries' [the impoverished's] ability to pay." HCAD's interpretation "strains the sentence's grammar and apparent meaning." *City of Dallas v. Stewart*, 361 S.W.3d 562, 571 n.14 (Tex. 2012) (citing *Spradlin v. Jim Walter Homes, Inc.*, 34 S.W.3d 578, 580 (Tex. 2000)) (giving effect to all words of a constitutional provision and concluding that the last antecedent "canon of construction" requires that the qualifying phrase "must be confined to the words or phrases immediately preceding it to which it may, without impairing the meaning of the sentence, be applied.") The interpretation advanced by NHH-Canal Street "comports with the doctrine of last antecedent, which suggests that in most cases, a qualifying phrase should be applied only to the portion of the sentence 'immediately preceding it." *See id.* Accordingly, under the rules of interpretation, the qualifying phrase— "without regard to the beneficiaries' ability to pay"—applies only to the portion of the sentence immediately preceding it; specifically "victims of natural disaster."

Under HCAD's interpretation, "without regard to the beneficiaries' ability to pay" would apply and modify each term in Section 11.18(d)(2). Had the Legislature intended this result, it could have written the section as it did in Section 11.18(d)(3), which allows an exemption when the charitable organization provides support "without regard to the beneficiaries ability to pay" to elderly persons and the handicapped. *See* Tex. Tax Code § 11.18 (d)(3); *Texas West Oaks Hosp., LP v. Williams*, 371 S.W.3d 171, 185 (Tex. 2012) (holding the phrase "directly related to health care" modifies the terms immediate before it and rejecting the notion that it relates to each term in the definition of a health care liability claim); *8100 N. Freeway Ltd. v. City of Houston*, 329 S.W.3d 858, 862 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (concluding where Legislature did not insert a comma to set

11

apart a phrase, both rules of punctuation and last antecedent mandate the phrase modifies only the last noun in a list).

In considering the undisputed evidence, we conclude that NHH-Canal Street conclusively established it is organized exclusively as a charitable organization, that it provides services to the impoverished, and that NHH-Canal Street did not have to prove that it provided services to the impoverished without regard to their ability to pay; therefore, it is entitled to the ad valorem property tax exemption under Section 11.18(d)(2).[2] *See* Tex. Tax Code Ann. § 11.18(d)(2).

Accordingly, we sustain appellant's four issues, reverse the trial court's order denying NHH-Canal Street's motion for summary judgment and granting HCAD's motion, and render judgment that NHH-Canal Street is entitled to an ad valorem tax exemption.

/s/     John Donovan
         Justice

Panel consists of Justices Christopher, Donovan, and Wise.

---

[2]  HCAD argued that the Harris County Appraisal Review Board was not a proper party, relying on Texas Tax Code Section 42.21. *See* Tex. Tax Code Ann. § 42.21 (West, Westlaw through 2015 R.S.). NHH-Canal Street responded that the statute as it existed in 2010 (when it filed suit) was permissive; that is, the appraisal review board could be sued, if appropriate. Section 42.21 was amended in 2011, and the legislation contained no effective date. *See* Tex. Tax Code Ann. § 42.21. In the absence of an effective date, under Texas Government Code Section 311.022, the presumption is that the law applies prospectively. *See* Tex. Gov't Code Ann. § 311.022 (West, Westlaw through 2015 R.S.). Thus, there was no statutory provision applicable to NHH-Canal Street's suit against the Appraisal Review Board at the time it filed suit and HCAD failed to demonstrate how whether the board is a proper party effects NHH-Canal Street's entitlement to the tax exemption.