**Appellees' Motion for Rehearing Overruled; Opinion of June 30, 2015 Withdrawn; Reversed and Rendered and Substitute Memorandum Opinion filed November 19, 2015.**



**In The**

# Fourteenth Court of Appeals

---

### NO. 14-14-00251-CV

---

### NHH-CANAL STREET APARTMENTS, INC., A TEXAS NON-PROFIT CORPORATION, Appellant

### V.

### HARRIS COUNTY APPRAISAL DISTRICT AND HARRIS COUNTY APPRAISAL DISTRICT APPRAISAL REVIEW BOARD, Appellees

---

**On Appeal from the 295th District Court
Harris County, Texas
Trial Court Cause No. 2010-68486**

---

## S U B S T I T U T E   M E M O R A N D U M   O P I N I O N

We overrule appellees' motion for rehearing, withdraw our memorandum opinion issued June 30, 2015, and issue this substitute memorandum opinion.

Appellant, NHH-Canal Street Apartments, Inc., a Texas Non-Profit Corporation, ("NHH-Canal Street") appeals the trial court's orders denying its motion for summary judgment in its suit challenging the denial of a property tax exemption and granting summary judgment in favor of appellees, Harris County

Appraisal District and Harris County Appraisal District Appraisal Review Board (collectively "HCAD"). We reverse and render judgment in favor of NHH-Canal Street.

## I. BACKGROUND

NHH-Canal Street is a subsidiary of New Hope Housing, Inc., a Texas non-profit corporation, exempt from federal income taxation under section 501(c)(3) of the Internal Revenue Code, and organized exclusively for charitable and educational purposes. The NHH-Canal Street Apartments is a single room occupancy facility. All residents are low-income individuals, most of whom are homeless, disabled, or have special needs. In order to qualify for housing, the applicant for housing must produce documentation that his or her annual gross income does not exceed the limits set by the Department of Housing and Urban Development. In addition, an applicant must demonstrate sufficient income to pay rent; that is, an applicant's income must be greater than 1.5 times the rental amount charged in order to be eligible for housing. The residents pay no, or significantly-reduced, rents. In addition to housing, residents are provided other support, including assistance with securing employment, managing finances, education assistance, social programs, nutritional information, health screenings and counseling.

For tax years 2008-2011, HCAD denied NHH-Canal Street an ad valorem property tax exemption for charitable organizations under Texas Tax Code Sections 11.18(d)(2) and (3). *See* Tex. Tax Code Ann. §§ 11.18(d)(2), (3) (West 2015). HCAD denied the exemption because it believed NHH-Canal Street generally required its residents to pay some portion of rent for the apartments; thus, it could not establish it provided support without regard to a tenant's ability to pay for an apartment.

2

NHH-Canal Street appealed to the trial court HCAD's denial of the exemption. Both HCAD and NHH-Canal Street filed traditional motions for summary judgment. The trial court granted HCAD's motion and denied NHH-Canal Street's motion.

## II. ANALYSIS

In four issues, NHH-Canal Street challenges the trial court's order granting HCAD's motion for summary judgment and denying NHH-Canal Street's motions for summary judgment and reconsideration.

## A. Standard of Review

When, as in this case, both parties file motions for summary judgment and the trial court has granted one and denied the other, we may consider the propriety of the grant, as well as the denial, of the motions, and affirm or reverse accordingly. *See Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (citing *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000)); *Cullins v. Foster*, 171 S.W.3d 521, 529 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (citing *Lidawi v. Progressive County Mut. Ins. Co.*, 112 S.W.3d 725, 729 (Tex. App.—Houston [14th Dist.] 2003, no pet.)). If the facts are undisputed and the court considers a question of law, the court will affirm the judgment or reverse and render. *Cullins,* 171 S.W.3d at 530. Where statutory construction is involved, we review *de novo*, as we do all questions of law. *See Texas Dept. of Transp. v. Needham*, 82 S.W.3d 314, 317 (Tex. 2002).

When both parties move for summary judgment, we must review the summary-judgment evidence presented by both sides to determine the questions presented, and render the judgment the trial court should have rendered. *Gilbert Texas Constr., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 124 (Tex.

2010); *Expro Americas LLC v. Sanguine Gas Exploration, LLC*, 351 S.W.3d 915, 919 (Tex. App.—Houston [14th Dist.] 2011, pet. denied). In the case of cross-motions for summary judgment, each party must establish it is entitled to judgment as a matter of law. *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex. 2000).

A plaintiff moving for traditional summary judgment must conclusively establish all essential elements of its claim. *Cullins*, 171 S.W.3d at 530 (citing *MMP, Ltd. v. Jones*, 710 S.W.2d 59, 60 (Tex. 1986)). If the movant establishes a right to summary judgment, the nonmovant bears the burden to present evidence raising an issue of material fact. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000).

We review *de novo* traditional motions for summary judgment. *See Ferguson v. Bldg. Materials Corp. of Am.,* 295 S.W.3d 642, 644 (Tex. 2009) (per curiam). When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005).

## B.    Motions for summary judgment

NHH-Canal Street moved for summary judgment contending it is exempt from taxation as authorized by Texas Constitution Article 8, Section 2(a) and Texas Tax Code Sections 11.18(d)(2) and (d)(3). *See* Tex. Const. art. VIII, § 2(a); Tex. Tax Code Ann. §§ 11.18(d)(2), (3). Sections 11.18(d)(2), (3) provide:

> (d)    A charitable organization must be organized exclusively to perform religious, charitable, scientific, literary, or educational purposes and, except as permitted by Subsections (h) and (l) engage exclusively in performing one or more of the following charitable functions: . . .

4

(2)	providing support or relief to orphans, delinquent, dependent, or handicapped children in need of residential care, abused or battered spouses or children in need of temporary shelter, the impoverished, or victims of natural disaster without regard to the beneficiaries' ability to pay.

(3)	providing support without regard to the beneficiaries' ability to pay to

(A) elderly persons, . . . ; or

(B) the handicapped. . . .

*See* Tex. Tax Code Ann. §§ 11.18(d)(2), (3).

HCAD also moved for summary judgment, contending that NHH-Canal Street did not fall under the Tax Code's requirements for exemption from taxation because there was no evidence that NHH-Canal Street provided services "without regard to the beneficiaries' ability to pay," as found in Sections 11.18(d)(2), (3). *See id.* It did not challenge whether the NHH-Canal Street provided support to the impoverished.

## C.	Qualification for exemption

We hold that NHH-Canal Street has conclusively established that it serves the impoverished "without regard to the beneficiaries' ability to pay." *See id.*

### 1.	Service to the impoverished

In order to qualify for an exemption, NHH-Canal Street must fall within the statutory and constitutional requirements for exemption. *See N. Alamo Water Supply Corp. v. Willacy Cnty. Appraisal Dist.*, 804 S.W.2d 894, 899 (Tex. 1991). The statutory provisions for a charitable organization's exemption from taxation are found in Section 11.18 of the Tax Code, as set forth above. The constitutional requirements found in Article VIII, sections 1 and 2 provide that taxation "shall be equal and uniform" and "the legislature may, by general laws, exempt from

taxation . . . institutions of purely public charity; and all laws exempting property from taxation other than the property mentioned in this Section shall be null and void. *See* Tex. Const. art. VIII, §§ 1, 2. Although the constitution does not define "purely public charity," we look to certain elements to determine whether an organization qualifies for a tax exemption:

> First, it made no gain or profit; second, it accomplished ends wholly benevolent; and, third, it benefitted persons, indefinite in numbers and in personalities, by preventing them, through absolute gratuity, from becoming burdens to society and to the state. . . . Charity need not be universal to be public. It is public when it affects all the people of a community or state, by assuming, to a material extent, that which might otherwise become the obligation or duty of the community or the state.
>
> . . . .
>
> The word 'purely' was meant 'to describe the quality of the charity, rather than the means by which it is administered, that it should be wholly altruistic in the end to be attained, and that no private or selfish interest should be fostered under the guise of charity . . . .'

*N. Alamo Water*, 804 S.W.3d at 897 (citing *City of Houston v. Scottish Rite Benevolent Ass'n*, 111 Tex. 191, 198–99, 230 S.W. 978, 981 (1921)) (quoting *Widows' & Orphans' Home v. Commonwealth*, 126 Ky. 386, 103 S.W. 354, 358 (1907)); *see also City of McAllen v. Evangelical Lutheran Good Samaritan Soc'y*, 530 S.W.2d 806, 809 (Tex. 1975); *River Oaks Garden Club v. City of Houston*, 370 S.W.2d 851, 853 (Tex. 1963) (holding article VIII, Section 2 exempts from taxation an institution of purely public charity where property "was owned and used exclusively by them for purely public charity."); *Dallas Cnty. Appraisal District v. The Leaves, Inc.*, 742 S.W.2d 424, 429 (Tex. App.—Dallas 1987, writ denied) (approving the interpretation that the word "purely" was meant "to describe the quality of the charity, rather than the means by which it is administered.").

The evidence shows that many residents of NHH-Canal Street are disabled, have special needs, and/or are formerly homeless. NHH-Canal Street provides residents with various activities, offered at no charge, including counseling, educational programs, health screening, and other services. The residents have incomes which are near the figures set forth in the HHS Poverty Guidelines.[1] Throughout the tax years at issue, the average annual gross income ranged from $11,055 for 2009 to $12,268 for 2012. The record reflects that tenants' income sources include social security and social security disability, retirement and pension, unemployment and employment. While Section 11.18(d)(2) does not define the term "impoverished," we "apply the term's ordinary meaning" and look at the "generally accepted common and legal definitions of the words." *Martin v. Harris County Appraisal Dist.*, 44 S.W.3d 190, 194 (Tex. App.—Houston [14th Dist.] 2001, pet. denied). "Impoverished" means "poor enough to need help from others." http;://www.webster-dictionary.org/definition/impoverished (accessed November 5, 2015). Our review of the types of residents NHH-Canal Street serves, as well as their gross annual incomes, compels our conclusion that NHH-Canal Street conclusively established it serves the impoverished.

The tenants at NHH-Canal Street are screened to ensure that each resident has income which is at least 1.5 times the rental amounts charged by NHH-Canal Street and all tenants pay some amount of below-market rent.[2] The record also

---

[1] For example, in 2009, the income figure in the HHS Poverty Guidelines was $10,830. The 2009 average annual gross income for a resident at NHH-Canal Street was $11,055. In 2010, the poverty guideline was $10,830, and average gross annual income for the NHH-Canal Street resident was $13,973. In 2011, the poverty guideline was $10,890; the NHH-Canal Street resident had a gross annual income of $13,817. Finally, for 2012, the income figure for 2012 was $11,170, and the average annual gross income for a resident at NHH-Canal Street was $12,268.

[2] At oral argument, HCAD conceded that the issue which supports its position is NHH-Canal Street's requirement that the residents have income of at least 1.5 times the rent charged. HCAD did not focus on whether the residents were at or near any poverty guideline or whether

reflects that the total amount of income for the "1.5 times the rental amount" fell below the income figures in the HHS Poverty Guidelines for all years at issue.[3] Rent levels at NHH-Canal Street are determined each year and are set at levels that cover operating costs and include a maintenance/replacement reserve. The rent levels are substantially below-market rental rates due to large contributions which eliminated debt for the construction and operation of the apartments. The rents do not fund all of the resident services provided at NHH-Canal. As a result, NHH-Canal operates at a loss on an annual basis. Additionally, because the rents do not cover the total cost of operating expenses (rent and other services provided), New Hope Housing subsidizes the operations at NHH-Canal-Street. Finally, the evidence reflects that NHH-Canal Street was constructed entirely through charitable contributions, rendering the operation debt-free. When taken as a whole (below-market rent, costs of resident services programs and debt-free construction), for the tax years at issue, 65-75% of NHH-Canal Street's costs are charitable.

HCAD argues that a requirement that tenants have incomes greater than 1.5 times the rental amount equates to NHH-Canal Street's consideration of the beneficiaries' (tenants) "ability to pay," which runs contrary to Section 11.18(d)(2). On that basis, HCAD asserts NHH-Canal Street must be denied the exemption from taxation. We hold the "ultimate consideration" should turn on the totality of the services NHH-Canal Street provided at or below cost, or in the case

---

their incomes could be considered "low" or "very low." Rather, HCAD contended that NHH-Canal Street's income requirement operated as a bar to NHH-Canal Street's receipt of the exemption. In fact, HCAD responded at oral argument that if NHH-Canal Street charged even just $1.00 for rent, it was not entitled to the exemption.

[3] For example, for the rent-roll year 2009, the HHS Poverty Guideline was $10,830; the 1.5 times annual rental amount was $7,290. For the rent-roll year 2012, the HHS Poverty Guideline was $11,170; the 1.5 times annual rental amount was $7,830.

of programs and services, at no cost. *See Dallas Cnty. Appraisal Dist.*, 742 S.W.2d at 427 (granting exemption where 14% of revenue was from charity) (citing *City of McAllen,* 530 S.W.2d at 809–10, which concluded an exemption is appropriate when there are no patients who cannot pay something toward their care and where the hospital operated at a loss). The *City of McAllen* court's rationale is instructive and controls the outcome here. Key to that holding is not that services were provided free of charge or that certain patients contributed toward the cost of their care and certain patients paid little or nothing. *See City of McAllen*, 530 S.W.2d at 809–10. Rather, the "ultimate consideration" is based on an evaluation of the total operation and whether the charitable organization demonstrated that beneficiaries were not required to pay the full cost of services received. *Id.*

We disagree with HCAD's contention that NHH-Canal Street is not entitled to the tax exemption because it screens tenants' incomes to ensure they are at least 1.5 times the rental amounts charged. We also disagree with HCAD's argument that, if the residents pay any amount toward rent, even $1.00, then NHH-Canal Street is not entitled to the tax exemption. Under the facts before us, NHH-Canal Street provides housing and other services to low-income individuals. Ensuring that tenants have a minimum income, we conclude, does not change the fact that NHH-Canal Street provides support to the impoverished "without regard to the beneficiaries' ability to pay."

In sum, after evaluating the totality of the operations of NHH-Canal Street, we conclude the evidence conclusively established that NHH-Canal Street is a charitable organization which engages exclusively in serving the "impoverished"[4] without regard to their ability to pay, and it should not be denied the tax exemption

---

[4] HCAD did not challenge that NHH-Canal Street was a "charitable organization." *See* Tex. Tax Code Ann. § 11.18(d).

9

of Section 11.18(d)(2). *See id.*, 530 S.W.2d at 809–10; *Lamb County Appraisal Dist. v. South Plains Hospital-Clinic, Inc.*, 688 S.W.2d 896, 904–905 (Tex. App.—Amarillo 1985, writ ref'd n.r.e.) (allowing exemption where 8-15% of patients received charity, hospital's source of income was derived from other patients who paid for care and no patient was denied care); *El Paso Cent. Appraisal Dist. v. Evangelical Lutheran Good Samaritan Soc'y, Inc.*, 762 S.W.2d 207, 208 (Tex. App.—El Paso 1988, no writ) (holding exemption was proper where charity engaged in benevolent work beyond that of charitable and religious nature); *cf. Hilltop Village, Inc. v. Kerrville Ind. School Dist.*, 426 S.W.2d 943, 949 (Tex. 1968) *overruled by City of McAllen*, 530 S.W.2d at 811 (denying exemption where charity not "bound to assume charitable obligations" or to dispense relief to the needy and "no assurance that society is being or will be relieved of the care and expense of those in need."); *Baptist Memorials Geriatric Ctr. v. Tom Green Cnty. Appraisal Dist.*, 851 S.W.2d 938, 944 (Tex. App.—Austin 1993, writ denied) (denying exemption where charity did not use property for charitable purposes).

2. **As a matter of statutory interpretation, NHH-Canal Street was not required to show that it served the impoverished without regard to beneficiaries' ability to pay**

NHH-Canal Street argues that the word "impoverished" is not modified by the words "without regard to the beneficiaries' ability to pay. Section 11.18(d)(2) provides in pertinent part that the charitable organization is entitled to the tax exemption where it provides support to ". . . the impoverished, or victims of natural disaster without regard to the beneficiaries' ability to pay." *See* Tex. Tax Code Ann. § 11.18(d)(2). On the other hand, Section 11.18(d)(3) provides that the charitable organization is exempt where it is "'providing support without regard to the beneficiaries' ability to pay' to: (A) elderly persons, . . . (B) the handicapped . . . ." *See id.* NHH-Canal Street argues that under a plain reading of the statute,

10

"without regard to beneficiaries' ability to pay" modifies only "victims of natural disaster" and not the word "impoverished." NHH-Canal Street further argues that, if the Legislature had intended such a modification, it could have written Section (d)(2) just as it wrote (d)(3).

HCAD argues that "without regard to beneficiaries' ability to pay" modifies "the impoverished," and because NHH-Canal Street requires a tenant to have a minimum income, it is considering the beneficiaries' ability to pay. HCAD contended that NHH-Canal Street's "Tenant Selection Plan and Procedure Manual" (the "Manual") of New Hope Housing, Inc. ("NHHI")[5] is evidence that NHH-Canal Street considers ability to pay:

> An applicant must demonstrate sufficient income to pay full rent. To be considered eligible for residency, the applicant's income must be greater than 1.5 times the rental amount. NHHI will have rental rates affordable to individuals with low-incomes not exceeding the applicable program rent limits set by the HOME Investment Partnership Program, FHLB-Atlanta Affordable Housing Program, Housing Tax Credit Program and HUD.

In the "Tenant Qualifying Criteria" section of the Manual is a "General Occupancy Standard," which provides:

> An applicant must provide proof of annual gross income that does not exceed the annual income limits set by U.S. Department of Housing & Urban Development ("HUD"). An Applicant must demonstrate sufficient income to pay full rent. The Applicant's income must be greater than 1.5 times the rental amount to be considered eligible.

> New Hope reserves the right to give first priority to applicants who are Veterans and Persons with Special Needs. "Persons with Special Needs," as defined by HUD, includes persons with disabilities, persons with HIV/AIDS, elderly persons, frail elderly persons,

---

[5] NHHI is a Texas nonprofit corporation which provides property management to its communities, including the NHH-Canal Street Apartments.

persons with alcohol and/or drug addictions, victim of domestic violence, persons who are homeless and public housing residents.

HCAD cites other sections in the Manual stating that "rent is not subsidized," "All eligible applicants will be screened to determine their ability to pay rent on time and meet the requirements of the lease," and the screening is be applied to all applicants.

As quoted above, Section 11.18(d)(2) provides that the charitable organization is entitled to the tax exemption where it provides support to "the impoverished, or victims of natural disaster without regard to the beneficiaries' ability to pay." *See* Tex. Tax Code Ann. § 11.18(d)(2). Section 11.18(d)(3) provides that the charitable organization is exempt where it is "'providing support without regard to the beneficiaries' ability to pay to: (A) elderly persons, . . . (B) the handicapped . . . ." *See id.*

HCAD argues that NHH-Canal Street is entitled to the tax exemption only if it shows that it serves the "impoverished without regard to the beneficiaries' [the impoverished's] ability to pay." HCAD's interpretation "strains the sentence's grammar and apparent meaning." *City of Dallas v. Stewart*, 361 S.W.3d 562, 571 n.14 (Tex. 2012) (citing *Spradlin v. Jim Walter Homes, Inc.*, 34 S.W.3d 578, 580 (Tex. 2000)) (giving effect to all words of a constitutional provision and concluding that the last antecedent "canon of construction" requires that the qualifying phrase "must be confined to the words or phrases immediately preceding it to which it may, without impairing the meaning of the sentence, be applied.") The interpretation advanced by NHH-Canal Street "comports with the doctrine of last antecedent, which suggests that in most cases, a qualifying phrase should be applied only to the portion of the sentence 'immediately preceding it." *See id.* Accordingly, under the rules of interpretation, the qualifying phrase—

12

"without regard to the beneficiaries' ability to pay"—applies only to the portion of the sentence immediately preceding it; specifically "victims of natural disaster."

Under HCAD's interpretation, "without regard to the beneficiaries' ability to pay" would apply and modify each term in Section 11.18(d)(2). Had the Legislature intended this result, it could have written the section as it did in Section 11.18(d)(3), which allows an exemption when the charitable organization provides support "without regard to the beneficiaries ability to pay" to elderly persons and the handicapped. *See* Tex. Tax Code § 11.18 (d)(3); *Texas West Oaks Hosp., LP v. Williams*, 371 S.W.3d 171, 185 (Tex. 2012) (holding the phrase "directly related to health care" modifies the terms immediate before it and rejecting the notion that it relates to each term in the definition of a health care liability claim); *8100 N. Freeway Ltd. v. City of Houston*, 329 S.W.3d 858, 862 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (concluding where Legislature did not insert a comma to set apart a phrase, both rules of punctuation and last antecedent mandate the phrase modifies only the last noun in a list).

In considering the undisputed evidence, we conclude that NHH-Canal Street conclusively established it is organized exclusively as a charitable organization, that it provides services to the impoverished, and that NHH-Canal Street did not have to prove that it provided services to the impoverished without regard to their ability to pay; therefore, it is entitled to the ad valorem property tax exemption under Section 11.18(d)(2).[6] *See* Tex. Tax Code Ann. § 11.18(d)(2).

---

[6] HCAD argued that the Harris County Appraisal Review Board was not a proper party, relying on Texas Tax Code Section 42.21. *See* Tex. Tax Code Ann. § 42.21 (West 2015). NHH-Canal Street responded that the statute as it existed in 2010 (when it filed suit) was permissive; that is, the appraisal review board could be sued, if appropriate. Section 42.21 was amended in 2011, and the legislation contained no effective date. *See* Tex. Tax Code Ann. § 42.21. In the absence of an effective date, under Texas Government Code Section 311.022, the presumption is that the law applies prospectively. *See* Tex. Gov't Code Ann. § 311.022 (West 2015). Thus,

Accordingly, we sustain appellant's four issues, reverse the trial court's order denying NHH-Canal Street's motion for summary judgment and granting HCAD's motion, and render judgment that NHH-Canal Street is entitled to an ad valorem tax exemption.

/s/    John Donovan
        Justice

Panel consists of Justices Christopher, Donovan, and Wise.

---

there was no statutory provision applicable to NHH-Canal Street's suit against the Appraisal Review Board at the time it filed suit and HCAD failed to demonstrate how whether the board is a proper party effects NHH-Canal Street's entitlement to the tax exemption.